New Kensington *v.* Swierczewski, Appellant.

Argued October 6, 1959. Before JONES, C. J., BELL, JONES, COHEN, BOK and McBRIDE, JJ.

*Frank J. Zappala, Jr.,* with him *Zappala & Zappala,* for appellant.

*Milton W. Lamproplos,* with him *Anthony J. Bonadio, Louis Claster,* and *Eckert, Seamans & Cherin,* for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, November 24, 1959:

Edward Swierczewski, appellant, on May 5, 1955 was appointed a police officer of the City of New Kensington. On July 11, 1958 appellant was suspended from the police force and charged with conduct unbecoming an officer by the Mayor of the City.[1] He requested and received a hearing before the City Council and, after such hearing, the City Council dismissed appellant from the police force as of August 11, 1958. Appellant then appealed to the Court of Common Pleas of Westmoreland County which, after a hearing *de novo,* dismissed the appeal. From that action of the court below this appeal was taken.

The incident which triggered the events which led to appellant's suspension took place on June 20, 1958. On that date, the appellant, a married man, after meeting one Rose Belli, a woman not his wife, at a New Kensington bar, took her in his car to the County Tavern in Leechburg, Armstrong County. For several

---

[1] The Third Class City Code, Act of June 23, 1931, P. L. 932, art. XLIV, §4408, as amended, 53 PS §39408, provides for the manner and method of suspension, discharge and appeals to City Council and the Court of Common Pleas.

hours they stayed at this tavern drinking and then started to return to New Kensington with Rose Belli driving the car. An argument arose over the driving of the car, and while proceeding through Leechburg, Rose Belli stopped the car, alighted and went into the lobby of a hotel for the purpose of calling a taxi to take her home. While in the telephone booth a scuffle took place between Rose Belli and appellant and, during this scuffle, Rose Belli's head came in contact with the telephone receiver causing her to bleed. Appellant fled from the hotel without rendering assistance to his companion. A Leechburg police officer, called to the scene, located appellant and directed that he follow him to the police station. Instead of doing as directed appellant fled in the opposite direction, struck a parked car, failed to stop but was finally apprehended. Later that same morning appellant was found guilty by a justice of the peace of disorderly conduct, was fined and released upon payment of the fine. While appellant did pay for the damages to the parked car, it was not until just before the City Council hearing that he filed the required accident report with the state.

Upon this appeal three questions were raised: (1) did the actions of appellant constitute misconduct within the meaning of The Third Class City Code, supra?; (2) was the action of the court below erroneous in that, after permitting the introduction of appellant's prior suspensions in evidence, it refused to permit evidence as to the cause of such suspensions?; (3) was appellant's dismissal from the police force excessive punishment and did it constitute an abuse of discretion?

Our scope of review in an appeal of this nature has been recently considered: ". . . the records now before us are here on broad *certiorari*. We therefore look beyond jurisdiction of the court below and regularity of

the proceedings to determine, by examining the testimony, whether the findings are supported by evidence or whether the court was guilty of an abuse of discretion in such connection or an error of law. . . .": *Bell Appeal*, 396 Pa. 592, 610, 611, 152 A. 2d 731; *Vandergrift Borough v. Polito*, 397 Pa. 538, 156 A. 2d 96.

We have examined the testimony and are of the opinion that the findings are supported by the evidence, that the court below was not guilty of either an error of law or an abuse of discretion.

Order affirmed.