Kramer *v.* City of Bethlehem.

Argued February 10, 1972, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Lewis R. Long,* for appellant.

*T. E. Butterfield, Jr.,* City Solicitor, with him *Joseph C. Pongracz,* Assistant City Solicitor, for appellee.

OPINION BY JUDGE MENCER, April 12, 1972:

Robert Kramer (appellant), on April 16, 1963, was a member of the Police Department of the City of Bethlehem with the rank of patrolman. On that date a complaint was filed with the Mayor of the City of Bethlehem concerning the on-duty conduct of appellant with a married woman. After an investigation and after personally interviewing appellant, the Chief of Police, in the presence of the Mayor, on April 22, 1963, verbally placed appellant on indefinite suspension. On April 30, 1963, appellant was notified by letter from the Mayor that the Council of the City of Bethlehem would hold a hearing on the charge of misconduct which had been brought against him. The letter outlined the nature of the charge against appellant and informed him that he could be represented by counsel and of the possible penalties. The letter concluded with the following paragraph: "You are hereby further notified that at the expiration of your present ten-day suspension from duty you are further suspended from duty without pay, pending disposition by City Council of the charge made against you."

This last paragraph triggered the lawsuit which has resulted in this appeal. Although City Council held its hearing on May 15, 1963, and found appellant guilty of misconduct unbecoming an officer and discharged him, the appellant asserts that Council was without power to do so because, as indicated by the Mayor's letter, appellant was being suspended further for the same offense. Appellant appealed his discharge to the Court of Common Pleas of Northampton County which, after a hearing de novo, dismissed the appeal. From that action of the court below this appeal was taken.

The Third Class City Code, Act of June 23, 1931, P. L. 932, Art. XLIV, §4408, as amended, 53 P.S. §39408, in part, provides:

"All employes subject to civil service shall be subject to suspension by the director of the department for misconduct, or violation of any law of this Commonwealth, any ordinance of the city, or regulation of the department, pending action by the city council upon the charges made against any of such employes. On hearing before the city council, where they may be represented by counsel, they may be fined or suspended for a period not exceeding thirty days with or without pay, or they may be discharged by city council, if found guilty of the charges made against them. The director of each such department may, for misconduct or violation as aforesaid, suspend any employe of such department for a period of ten days, with or without pay, without preferring charges and without a hearing of council; but no employe shall be suspended more than one time for the identical or same violation or act of misconduct. . . .

"Any civil service employe aggrieved by the action of the council in fining, suspending or discharging him shall have the right to appeal by petition to the court of common pleas within thirty days after the suspension or after receipt of written notice of such action by council which it shall be the duty of the council to give and the court shall hear the charges made against him de novo. The issue before the court shall be whether the action of the council shall be affirmed or be modified in any respect or whether the charges should be dismissed or whether the suspension made by the director shall be affirmed or rescinded. . . ."

We have carefully read the record in this case and we are satisfied that on April 22, 1963, appellant was placed on indefinite suspension pending action by the

City Council upon a charge of misconduct. Appellant was given a hearing only 23 days subsequent to being suspended and we conclude that the statutory procedure of the Act of June 23, 1931, as amended, was complied with in this case.

We are satisfied that the Mayor's reference to a ten-day suspension was in error and totally inconsistent with the fact that a hearing before City Council was to be held as was made clear in the Mayor's letter of April 30, 1963. It is significant that the clause limiting suspensions to one for the same act of misconduct is the second half of a sentence which deals with the authority of a director of a department to suspend without preferring charges and without a hearing of council. This is not a case where a series of ten-day suspensions was imposed for the same act without charges being preferred and the accused was without opportunity to vindicate himself in a hearing. *See Zimmerman v. City of Lebanon,* 320 Pa. 581, 184 A. 652 (1936).

The Mayor's letter was ineffective to change or modify the indefinite suspension previously imposed on appellant by the Chief of Police. The Mayor is not given authority by the Act of June 23, 1931, as amended, to impose any suspension since such authority is vested in the Director of the Department. *See Loftus v. Carbondale,* 405 Pa. 276, 175 A. 2d 85 (1961). Appellant was not prejudiced by the Mayor's mistake.

The evidence presented at the de novo hearing in the lower court established that appellant, while on duty, engaged in intimate activities with a woman not his wife in a dark alley during the early hours of the morning. Here, appellant's conduct justified the action of the City of Bethlehem in discharging him. A like result was reached in *Ditko Appeal,* 5 D. & C. 2d 569, affirmed 385 Pa. 435, 123 A. 2d 718 (1956), and in

*New Kensington v. Swierczewski,* 397 Pa. 559, 156 A. 2d 181 (1959).

Appellant's acquittal of criminal charges resulting from this incident is not controlling here. Conduct justifying the dismissal of a municipal employee is not limited to criminal acts nor must it be proved beyond a reasonable doubt. We are in full accord with what was stated in *Zeber Appeal,* 398 Pa. 35, 43, 156 A. 2d 821, 825 (1959) : "Unbecoming conduct on the part of a municipal employee, especially a policeman or fireman, is any conduct which adversely affects the morale or efficiency of the bureau to which he is assigned. It is indispensable to good government that a certain amount of discipline be maintained in the public service. Unbecoming conduct is also any conduct which has a tendency to destroy public respect for municipal employees and confidence in the operation of municipal services. It is not necessary that the alleged conduct be criminal in character nor that it be proved beyond a reasonable doubt. For this reason the disposition of the criminal charges favorably to appellant did not require the Trial Board to drop its charges. It is elementary that the measure of proof to convict for a criminal offense is substantially different and greater than that necessary to support the dismissal of a municipal employee. It is sufficient that the complained of conduct and its attending circumstances be such as to offend publicly accepted standards of decency."

As to the scope of our review in an appeal of this nature, we ". . . look beyond jurisdiction of the court below and regularity of the proceedings to determine, by examining the testimony, whether the findings are supported by evidence or whether the court was guilty of an abuse of discretion in such connection or an error of law." *Bell Appeal,* 396 Pa. 592, 610, 611, 152 A. 2d 731,

740 (1959) ; *Vandergrift Borough v. Polito,* 397 Pa. 538, 539, 540, 156 A. 2d 99, 100 (1959).

We have examined the testimony and are convinced that the findings are supported by the evidence, that the court below was not guilty of either an error of law or an abuse of discretion.

Order affirmed.