Township of Upper Moreland, Appellant, *v.* Ronald Mallon, Norman Worstall and Ernest Stroup, Appellees.

Argued February 6, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Gilbert P. High, Jr.,* with him *High, Swartz, Roberts & Seidel,* for appellant.

*John T. Acton,* with him *Jenkins & Acton,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., September 10, 1973:

This is an appeal by the Board of Commissioners of Upper Moreland Township of an order of the Court of Common Pleas of Montgomery County which affirmed in part and reversed in part a decision of the Civil Service Commission of the Township. The Commission had sustained the Township Board of Commis-

sioners' decision to dismiss one officer, suspend and demote another, while modifying the suspension period meted out to a third officer.

The charges brought by the Board of Commissioners against all three officers stem from a series of events occurring on the night of November 7, 1970, and the early morning hours of November 8, 1970.[1] On November 7th, a testimonial dinner was given at the Upper Moreland Township American Legion Hall, located across from the police station, in honor of John C. Bready, Jr., a Justice of the Peace in the Township. The purpose of the dinner was to raise funds for the defense of Bready who was charged with alleged misuse of funds. Township Commissioner Robert Curtis, a supporter of Bready, was an organizer of the affair. On his way home from the dinner, Curtis was arrested by Officer Ernest Stroup, one of the Appellees herein, and charged with operating his motor vehicle while under the influence of intoxicants. Commissioner Curtis felt his arrest was unwarranted, improper, and was politically motivated. This contention was echoed by other supporters of Bready who attended the dinner, and who later gathered at the Upper Moreland Township Police Station when they learned of Commissioner Curtis' arrest. As a result of the arrest of Commissioner Curtis and the later confrontation at the police station, Officers Stroup, Worstall and Mallon were charged with, among other things, conduct unbecoming an officer of the police force.

Officer Ronald Mallon was suspended from the force for thirty days by the Township Commissioners. This suspension was reduced to ten days by the Township

---

[1] We shall attempt to limit our factual narration to those items that provide a clear, but perhaps limited, picture of the events surrounding this litigation. It is not necessary for our purposes to delve any deeper into the factual posture, although it should be noted that we have reviewed all factual allegations.

Civil Service Commission because, in its opinion, the Township had adequately proven only one of three charges brought against him. The Commission's action in reducing the length of Officer Mallon's suspension was approved by the Montgomery County Court of Common Pleas. Appellant herein finds no fault with the disposition by the lower court of Mallon's case and seeks no further review by this Court.

Sergeant Norman Worstall was reduced in rank and suspended from the police force for thirty days by the Township Commissioners. Officer Ernest Stroup was dismissed from the force by the same body. The Civil Service Commission sustained the orders of the Township Commissioners.

The Court of Common Pleas of Montgomery County reversed the suspension and demotion of Sergeant Norman Worstall and the dismissal of Officer Ernest Stroup, and ordered the officers returned to the force.

We shall examine Appellant's arguments as they relate to the individual officers involved.

*Norman Worstall Appeal*

Sergeant Worstall was reduced in rank and suspended from the force for thirty days by the Township Commissioners based on the charge that:

(1) He conducted himself in an insulting and unbecoming manner on the night of November 8, 1970.

(2) He acted in complicity with Officer Stroup at the time of the arrest of Commissioner Curtis on November 8, 1970.[2]

The Civil Service Commission determined that the Township failed to sustain either charge, believing it an

---

[2] This delineation of "charges" represents the Civil Service Commission's interpretation of the general statement of charges provided it by the Township Commissioners pursuant to Section 644 of The First Class Township Code, Act of June 24, 1931, P. L. 1206, §644, Article VI, as amended, 53 P.S. §55644. The importance of this delineation by the Commission will be discussed later.

impossible task to resolve the accusations and counter-accusations into conclusive evidence of offensive conduct by Sergeant Worstall.

The Commission found, however, that the testimony disclosed two breaches of the Code of Discipline for police officers of Upper Moreland Township. Sergeant Worstall admittedly filed an inaccurate report with his commanding officer in connection with the events of November 8, 1970, and he also failed to fully carry out an order of his acting superior. The Commission, based on these two violations of the Code of Discipline, upheld the demotion of Sergeant Worstall to the rank of patrolman and imposed a thirty-day suspension from the force.

In challenging the validty of the lower court's reversal, Appellant argues initially that the Court of Common Pleas misconstrued its scope of review in determining that it had full discretion to make its own findings after it examined the record made before the Civil Service Commission. Appellant contends, citing *Kramer v. City of Bethlehem*, 5 Pa. Commonwealth Ct. 139, 289 A. 2d 767 (1972) and *Shannon v. Civil Service Commission*, 4 Pa. Commonwealth Ct. 492, 287 A. 2d 858 (1972), that the scope of review of an appellate court on appeal from a decision of a Civil Service Commission, when no additional testimony is taken, is to determine whether the Commission abused its discretion or committed an error of law.

Appellant has erroneously applied that rule of law to the present factual setting.

The lower court followed the reviewing procedures of a Commission decision as provided in Section 645 of The First Class Township Code, Act of June 24, 1931, P. L. 1206, §645, Article IV, as amended, 53 P.S. §55645. "In the event the commission shall sustain the charges and order of the suspension, removal or reduction in rank, the person suspended, removed or reduced

in rank shall have immediate right to appeal to the Court of Common Pleas of the county and the case shall there be determined as the court deems proper. . . . Upon such appeal being taken . . . , the court of common pleas shall proceed to hear the appeal on the original record and such additional proof or testimony as the parties concerned may desire to offer in evidence. The decision of the court affirming or reversing the decision of the commission shall be final and the employee shall be suspended, discharged, demoted or reinstated in accordance with the order of the court. . . ."

Appellant argues that since no additional testimony was taken by the Court of Common Pleas, it is an "appellate court" and limited in its review to whether the Commission abused its discretion or committed an error of law. It is clear, however, that the introduction of additional testimony in the Court of Common Pleas is within the discretion of the parties and their tactical judgment does not affect the court's power to determine the case "as the court deems proper." (53 P.S. §55645.) The statute gives the Court of Common Pleas discretion to affirm, reverse or modify the action of the Civil Service Commission. *Lower Merion Township v. Turkelson,* 396 Pa. 374, 152 A. 2d 724 (1959).

Appellant also contends that the lower court erred when it determined that the demotion and suspension of Sergeant Worstall should be reversed on the ground that he had not been apprised of all the charges lodged against him in violation of his constitutional right of due process.

We agree with the Appellant and reverse the order of the lower court as it applies to Sergeant Worstall.

Initially, it is important to emphasize that in an appeal of this nature, we ". . . look beyond the jurisdiction of the court below and the regularity of the proceedings to determine, by examining the testimony, whether the findings are supported by evidence or

whether the court was guilty of an abuse of discretion in such connection or an error of law." *Vandergrift Borough v. Polito*, 397 Pa. 538, 539, 640, 156 A. 2d 99, 100 (1959); *Bell Appeal*, 396 Pa. 592, 610, 611, 152 A. 2d 731, 740 (1959); *Kramer v. City of Bethlehem*, 5 Pa. Commonwealth Ct. 139, 140, 289 A. 2d 767 (1972).

The Township Commissioners reduced Sergeant Worstall to the rank of patrolman and suspended him for thirty days on the charge that Sergeant Worstall ". . . conducted himself in a manner unbecoming an officer as a result of events which occurred on the evening of November 8, 1970."

On or about December 9, 1970, the Township Commissioners filed with the Civil Service Commission a statement of the charges levied against Sergeant Worstall. Pursuant to §644 of The First Class Township Code, the same correspondence was forwarded to the Appellee.

In reviewing this statement, the Commission reduced the charges to two specific examples of improper conduct. As interpreted by the Commission, they were:

(1) He [Sergeant Worstall] conducted himself in an insulting and unbecoming manner toward a number of individuals on the night of November 8, 1970.

(2) He acted in complicity with Officer Stroup at the time of the arrest of a Township Commissioner on November 8, 1970.

After a hearing at which voluminous testimony was taken, the Civil Service Commission determined that these two specific "charges"[3] were not sustained by the evidence presented. However, the evidence did clearly show that Sergeant Worstall filed an inaccurate report in connection with the events of November 8, 1970, and failed to carry out an order of his acting superior. The Commission pointed out that these actions by Sergeant

---

[3] We are here using the language of the Commission.

Worstall violated two provisions of the Code of Discipline for police officers of Upper Moreland Township and therefore the suspension and demotion imposed by the Township Commissioners was justified.

The lower court reversed the decision of the Commission because it felt that the Commission, in using the breaches of the Code of Discipline to sustain the penalty imposed on Sergeant Worstall, violated the officer's right to be apprised of all the charges against him.

It appears that the confusion concerning the adequacy of the notice to Appellee centers around the Commission's dismissal of the specific charges it highlighted from the general statement of charges, and its later reference to the breaches of the Township's Code of Discipline.

The lower court interpreted the Commission's reference to the violations of the Code of Discipline to be the use of independent grounds to sustain the penalty imposed on Sergeant Worstall. The court below reasoned that since the officer was not specifically notified that these violations were pending against him, their use to sustain his penalty ". . . was a manifest abuse of discretion on the part of the Commission and is repugnant to the constitutional requirement of 'due process' which would require the township to specifically notify the appellant of the charges against him. . . ."

At first blush, it appears that the lower court's analysis of the Commission's use of the Code of Discipline is correct, and that the notice afforded Appellee was insufficient. However, after careful examination of his notice, and the proceedings before the Commission, we conclude that the Appellee was adequately notified of all the charges pending against him.

In this case, the question for this Court to answer is whether the policeman was fully advised of the charges against him as well as the time when his con-

duct was in question. *McCrory v. Philadelphia,* 345 Pa. 154, 27 A. 2d 55 (1942).

The Commission, the lower court and counsel in this case have lost sight of the significance of §644 of The First Class Township Code and the light it sheds on the notice issued involved here. This section outlines six acts which justify the suspension, removal, or reduction in rank of a police officer. One of these acts is "conduct unbecoming an officer." Therefore, unless the behavior of the Appellee established at the Commission hearing amounted to "conduct unbecoming an officer," it could not sustain demotion or suspension.

The statement of charges rendered to Appellee by the Township Commissioner advised Appellee that he had been specifically charged with conducting "himself in a manner unbecoming an officer as a result of events which occurred on the evening of November 8, 1970." This statement was followed by two specific instances which, if proved, would rise to unbecoming conduct.[4] Since the Commission dismissed the specific actions cited in the statement of charges, the real issue here is whether the Commission was limited, by the notice afforded Appellee, to a consideration of only whether the *cited* conduct did, in fact, occur.

After exhaustive review of the entire situation, we find that the Commission was not limited in its inquiry to the recited instances of misbehavior which, if proved, would constitute unbecoming conduct. Appellee was on notice by the statement of charges that any of his acts "as a result of that which occurred on the evening of November 8, 1970" were in question. The Commission's reference to violation of the Code of Discipline was not the use of independent grounds to sustain the impression and demotion of Sergeant Worstall. These

---

[4] These two specific instances of unbecoming conduct in the statement of charges gave rise to the Commission's two specific "charges" which it outlined and later dismissed.

violations amounted to "conduct unbecoming an officer,"[5] the only offense herein involved for which he could be suspended and demoted, and the one for which he had proper notice.

Moreover, it should be noted that the violations of The Township Code attributed to Appellee by the Commission, that is the filing of an inaccurate report and the disobeying of the order of a superior, were integrally related to the specific example of unbecoming conduct (complicity with officer in arresting Commissioner Curtis) delineated in the statement of charges. It cannot be reasonably disputed that Sergeant Worstall was on notice that these actions were the subjects of the inquiry.

Finally, Appellee made no objection to the admission of testimony in confirmation of the inaccurate report and disobedience of a superior's order. In fact, he admitted on cross-examination that the report was inaccurate.

In conclusion, it is our opinion that the Appellee was sufficiently apprised of the charges against him and the time when his conduct was in question, and the lower court erred as a matter of law in determining that the notice afforded Appellee was insufficient.

*Appeal of Officer Ernest Stroup*

Officer Stroup was discharged from the police force of Upper Moreland Township based on charges that:

(1) He permitted an unauthorized person to be present in his vehicle while on patrol;

---

[5] "Conduct unbecoming an officer" includes ". . . any conduct which adversely affects the morale or efficiency of the bureau to which he is assigned." *Zeber Appeal,* 398 Pa. 35, 43, 156 A. 2d 821, 825 (1959).

We think the violations of the Code of Discipline committed by Appellee at the very least affected the efficiency of the Upper Moreland Township Police Department and therefore amounted to "conduct unbecoming an officer."

(2)  He used unseemly and vile language in the presence of a number of individuals on the night of November 8, 1970;

(3)  He conducted himself improperly in an unbecoming manner in connection with the arrest of the Township Commissioner on November 8, 1970.

The Civil Service Commission concluded that the evidence failed to sustain the first charge, but that there was sufficient evidence to support the other charges and that the penalty imposed by the Township Commissioners was proper.

The lower court, in reviewing the decision of the Commission, failed to accurately posture the weight and effect of the evidence presented against Officer Stroup. After concluding that the only improper conduct attributed to Officer Stroup was "losing his temper in a situation where cooler heads prevailed," the lower court reversed the dismissal and reinstated him to his position on the force.

We hold that the lower court abused its discretion and we reinstate the penalty imposed by the Civil Service Commission.

A brief review of pertinent parts of the record disclosed that the Commission *sustained* the charged vile and offensive language against Officer Stroup. The lower court misspoke when it found that the Commission "exonerated him (Stroup) from the charge of using vile and offensive language."

Also it is apparent that Officer Stroup went beyond "losing his temper." He admitted that he arrested Commissioner Curtis because the Commissioner had suggested that he be arrested. This is in direct violation of established police procedures. There is substantial evidence that Officer Stroup submitted various inaccurate reports describing the events of the night in question. These acts were clearly contrary to the standards of practice and procedure established for police-

men of Upper Moreland Township, and constituted at the very least "conduct unbecoming an officer."

Officer Stroup's lack of self-control in the police station scene should not be so cavalierly dismissed. When a determination is made by the Township Commissioners, those invested with control of the police within their jurisdiction, that a certain police officer lacks one or more of the essential characteristics of a good police officer, and this decision is sustained by the Civil Service Commission, a lower court should only on the most satisfying evidence to support an abuse of discretion or a clear error of law order reinstatement. In the case at hand, the lower court ordered the reinstatement of Officer Stroup without penalty when it found that he merely lost his temper. This was a gross understatement.

We have closely reviewed all the testimony presented, some 600 pages, and find that the lower court's decision and resulting order as to Officer Stroup cannot be substantiated or reconciled by the record. We therefore reverse the lower court and reinstate the penalty of dismissal imposed by the Township Commissioners and affirmed by the Township Civil Service Commission.

### ORDER

AND Now, this 10th day of September, 1973, the Order of the Common Pleas Court of Montgomery County dated April 3, 1972, is affirmed as to Patrolman Ronald Mallon, and reversed as to Sergeant Norman Worstall, and Officer Ernest Stroup, with direction that Sergeant Worstall be demoted in rank to patrolman and suspended for thirty days and Officer Stroup be dismissed from the force.