## Upper Saucon Township v. Sandy

*Jeffrey R. Dimmich,* of *Worth & O'Hara,* for appellant.

*John E. Roberts,* of *Roberts & Traud,* contra.

BACKENSTOE, *J.*, April 7, 1975—In this case Frank J. Sandy, a police officer employed by Upper Saucon Township, has appealed a decision of the board of supervisors which sustained a 30-day suspension for not reporting an unauthorized gift and other violations of his duties as a police officer.* The appeal was duly filed pursuant to the provi-

---

*The four specifications which Officer Sandy was found to have violated were:

1. Neglect and/or violation of his official duties as set forth in article XIII, subsection 21 of the Upper Saucon Township Police Manual in that on or about December 22, 1973, Officer Frank J. Sandy received a gratuity at Center Valley Arco Service Station and retained same without reporting the incident as required.

2. Violation of article XIII, subsection 23, of the Upper Saucon Township Police Manual, in that on or about January 8, 1974, and on numerous occasions prior thereto, Officer Frank J. Sandy neglected his duty to refuel his patrol car at the conclusion of his tour of duty.

3. Violation of official duty in that Officer Frank J. Sandy, on or about January 7, 1974, failed to complete the duty activity report in accordance with article XIII, subsection 45 of the Upper Saucon Township Police Manual and the order of April 19, 1973, requiring that such reports be filled out at the conclusion of a tour of duty.

4. Violation of the departmental slate order of April 26, 1973, issued pursuant to article XIII, subsection 45 of the Upper Saucon Township Police Manual in that Officer Frank J. Sandy failed on January 7 and January 8, 1974, to fly the United States flag.

(An additional charge, specification no. 2, was dismissed by the board.)

sions of the Police Tenure Act of June 15, 1951, P.L. 586, secs. 1, et seq., 53 PS §§811, et seq.

After a thorough review of the stenographic transcripts of the two hearings before the township supervisors as well as the evidence presented in court, we are convinced that the findings of the township, as well as its conclusions with respect to the gift violation, are undisputably supported by the evidence and, therefore, finding no abuse of discretion or error of law, the township's decision must be sustained.

While we are cognizant that under the Police Tenure Act our scope of review is extremely broad, we believe our deliberations in this matter should be governed by the principles enunciated in Ditko Appeal, 5 D. & C. 2d 569 (1955), affirmed per curiam on the opinion of Judge Hess at 385 Pa. 435. In that case Judge Hess stated (at p. 573):

"While the Act of 1951, supra, provides that the 'court shall hear the charges made against him [the policeman] de novo,' we cannot understand that the court may substitute its discretion for that of the municipal officers if the evidence produced at the hearing supports the discretion exercised by council. 'When there is sufficient and competent evidence presented before the Court at the hearing de novo which would indicate that the Council has not abused its discretion the Court cannot set aside the action of a duly elected and deliberate body. No Court should interfere with local administrative bodies unless there has been a flagrant abuse of discretion or a violation of the law. The Council of the City of New Kensington is a body clothed with judicial, deliberate and discretionary powers in matters pertaining to the police department, and where it has exercised such powers without abus-

ing its discretion its acts cannot be modified or set aside by the Courts.': Spinelli v. City of New Kensington, 33 Westmoreland 49, 51."

In the instant case appellant was primarily charged with violation of article XIII, subsection 21, of the Upper Saucon Township Police Manual entitled "General Rules and Regulations," which states:

"Any unauthorized gift, gratuity, loan, fee or other thing falling into any of these categories, coming into the possession of any member or employee shall be forwarded to the office of the Chief of Police, together with a written report, explaining the circumstances connected therewith."

The specification alleges:

". . . in that on or about December 22, 1973, Officer Frank J. Sandy received a gratuity at Center Valley Arco Service Station and retained same without reporting the incident as required."

In support of this allegation the township conclusively proved that on or about December 22, 1973, Officer Frank J. Sandy, accompanied by another police officer, went to the Center Valley Arco Service Station where Sandy received from the owner, Richard G. Brown, five envelopes, three of which contained $50 and two of which contained $75. Subsequently, Sandy distributed these envelopes to the other Upper Saucon Township police officers. Three of these officers, pursuant to subsection 21 of article XIII of the police manual, reported the gifts, while Officer Sandy and Officer Minutola, another suspended officer who has also appealed, did not.

While we would certainly agree with the board's finding that there is no evidence to support any conclusion that Sandy had accepted or agreed to

accept a pecuniary benefit in exchange for the exercise of discretion in favor of Center Valley Arco Service Station, we are also convinced that this was precisely the type of activity that was proscribed by subsection 21 of the police manual. To dismiss as mere Christmas gifts cash payments of some $300 to police officers by a gas station owner who does a substantial amount of towing business with the township would be at the very least naive. If such an exception is to be made to the rule, it will have to be made by the legislative body of the township. It will not be created by the court.

Again, as noted, we have no reason to doubt Officer Sandy's integrity and indeed do not. Nevertheless, the point is that to permit an acceptance of this type of "gratuity" could very well affect an officer's judgment in exercising the discretion vested in him while performing his duties. Hence, the necessity for this type of regulation.

Appellant, in a thoughtful and most able brief, argues that our decision must be to the contrary because of the wording of the regulation. In this regard, he contends that since police suspensions and dismissals are penal in nature, they must be strictly construed: Luchansky v. Barger, 14 Pa. Commonwealth Ct. 26, 321 A. 2d 376 (1974). Thus, a statute that either forbids or requires an act in terms so vague that men of common intelligence must guess as to its meaning and differ as to its application, lacks the first essential of due process of law: Commonwealth v. Unkrich, 142 Pa. Superior Ct. 591, 16 A. 2d 737 (1940).

While we do not dispute this principle, we do not believe it is applicable. In Kramer v. City of Bethlehem, 5 Pa. Commonwealth Ct. 139, 289 A. 2d 767 (1972), the Commonwealth Court noted

that municipal employe disciplinary proceedings are not criminal prosecutions. In that case the court held the dismissal of a member of the police department of the City of Bethlehem for conduct unbecoming a police officer, a charge which in our opinion is considerably more indefinite than the instant regulation, was valid. In writing for the court, Judge Mencer said (at p. 144):

". . .'It is indispensable to good government that a certain amount of discipline be maintained in the public service. Unbecoming conduct is also any conduct which has a tendency to destroy public respect for municipal employees and confidence in the operation of municipal services. It is not necessary that the alleged conduct be criminal in character nor that it be proved beyond a reasonable doubt. . . . It is sufficient that the complained of conduct and its attending circumstances be such as to offend publicly accepted standards of decency.'"

Judge Mencer's words are equally applicable to the regulation now before this court. It is not necessary to define each and every gift which is not authorized. The due process requirement of definiteness is fulfilled if the prohibited conduct is defined with reasonable precision. Harisiades v. Shaughnessy, 342 U.S. 580, 72 S. Ct. 512, 96 L. Ed. 586 (1952). While we would agree with appellant that subsection 21 could have been drafted more artfully, both its intent and meaning are clear. No unauthorized gift may be received without forwarding and reporting same to the chief of police.

Appellant contends that because the regulation specifies unauthorized gift, the drafters must, of necessity, have intended there to be authorized gifts and since they have not been defined, there is

an ambiguity. We think this argument is constrained. It simply ignores the purpose of the statute and in the final analysis the precise wording. The words "unauthorized gift" can only mean gifts which have not been approved. Like conduct unbecoming an officer, subsection 21 attempts to encompass activity which either in fact is improper or which presents the appearance of impropriety. The regulation imposes duties of accountability upon officers for which they are responsible although the particular activity is not specifically spelled out.

Officer Sandy argues further that he is not in violation of subsection 21 because for several years prior to its enactment he received this type of gift from the same service station and indeed there was evidence that the former police chief himself distributed these gifts to the officers. While this contention might be meritorious if subsection 21 had been in effect throughout this period, it simply ignores the fact that it was not enacted until January of 1973. If the police officers were not aware of the impropriety of the gifts they had been receiving over the course of years, they were certainly put on notice by the enactment of the regulation. Evidence of gifts received prior to such enactment does not in any way justify or excuse the failure to report such gifts after the adoption of the regulation. Statements by Officer Sandy himself at the time he distributed these envelopes indicating that the recipients should keep the gifts secret is evidence of his own awareness that they were unauthorized.

In view of the foregoing, we find that the township's decision with respect to the first specification (unauthorized gift) should be sustained.

Officer Sandy was also found guilty of violating

three additional police regulations: failing to refuel his patrol car at the conclusion of his tour of duty, failure to raise the flag the mornings of January 7 and 8, 1974, and failing to fill out his duty activity report at the conclusion of his tour of duty.

With respect to these charges we are not unsympathetic to appellant's contention that they are in fact "make weight" charges, quite minor in nature. Nevertheless, Officer Sandy did in fact fail to raise the flag on January 7 and 8 as charged and did in fact fail to refuel his patrol car as required by the regulations, and consequently the board's decision in this regard must also be sustained. We cannot agree, however, with the township's decision that appellant violated any duty with respect to completing his duty activity report. The evidence in this regard is at best fragmentary. The slate order of April 19, 1973 which Officer Sandy was supposed to have violated is not set forth in evidence. Nor, in view of the fact Sandy did make out a report, is it clear in what manner he violated his duty.

Accordingly, the board's decision with respect to the fourth specification is overruled and this charge is dismissed.

Because of this modification of the board's decision, this matter must be remanded for reconsideration of the punishment. Officer Sandy was suspended for the violation of four specifications. Since he has been found guilty of only three, the board may wish to reduce the suspension. We will give them the opportunity to do so, if they are so inclined.

## ORDER

Now, April 7, 1975, the appeal of Officer Frank J. Sandy from the decision of the Board of Supervisors

of Upper Saucon Township with respect to specifications one, three and five is dismissed.

The appeal with respect to specification four is sustained and said charge is dismissed. The within matter is remanded for further proceedings not inconsistent with this opinion and order.