City of York *v.* Willard C. Dinges, Appellant.

Argued September 11, 1975, before President Judge BOWMAN and Judges KRAMER and MENCER, sitting as a panel of three.

*Samuel K. Gates,* for appellant.

*Edward C. Roberts,* with him *John W. Thompson,* for appellee.

*Anthony D. Pirillo, Jr.,* for amicus curiae, Fraternal Order of Police.

OPINION BY JUDGE MENCER, October 8, 1975:

Willard C. Dinges (Dinges) was a member of the Police Department of the City of York with the rank of patrolman. While so employed he and other police officers accepted gratuities from tow truck operators. When this

conduct became known, certain investigations followed, and Dinges was called to testify before the Pennsylvania Crime Commission. Dinges compounded his troubles by making certain false statements before the Crime Commission, and this resulted in his being charged in Dauphin County, on December 18, 1973, with the crime of perjury.[1]

On February 12, 1974, James E. Hooker, Director of Public Safety for the City of York, suspended Dinges from his duties as a patrolman. This suspension was without hearing and without the filing of charges by or on behalf of anyone representing or having authority to act for the City of York.[2]

On September 10, 1974, Director of Public Safety Hooker sent a letter of reprimand to Dinges. This letter informed Dinges that accepting gratuities from tow truck operators while a city policeman was a violation of Section 18 of the Rules and Regulations of the Bureau of Police. Dinges was further advised in the letter that future acceptance of such gratuities would be grounds for dismissal.

Dinges received a subsequent letter, under date of September 23, 1974, from Mayor John D. Krout of the City of York, notifying him that City Council would hold a hearing on October 1, 1974, when it would consider his dismissal from the City of York Police Department, in accordance with the General Rules and Regulations, Sections (7.0), (10.0), and (18.0), Bureau of Police, as approved by City Council on December 2, 1969.

These three mentioned sections were set forth in the letter of September 23, 1974 as follows:

---

1. A Dauphin County grand jury approved the bill of indictment on April 30, 1974 and, on September 17, 1974, Dinges entered a plea of nolo contendere to false swearing and was sentenced to pay a fine of $250 and costs.

2. We do not decide here the propriety of that suspension or whether Dinges, if improperly suspended, is entitled to compensation for the period of that suspension. *See Conmy v. City of Wilkes-Barre*, 48 Luzerne Legal Register 65 (1958).

"(7.0) Conduct on the part of any member or employee of the Bureau of Police either on or off duty that shall be prejudicial to the reputation and good name thereof, shall subject the offender to disciplinary action.

"(10.0) Untruthfulness is a grave disqualification for the police service. Members and employees are required to speak the truth at all times and under all circumstances, whether under oath or otherwise. . . .

"(18.0) No member or employee of the service shall collect or attempt to collect any gratuities in any form whatever for the performance or non-performance of his sworn duties; salary, witness fees, awards, and rewards as permitted by law excepted."

Following a hearing held on October 1, 1974 before City Council, at which Dinges was present and represented by legal counsel, the City Council, on October 15, 1974, rendered its decision to dismiss Dinges from the "Police Force of the City of York." City Council found that "Willard C. Dinges did in fact violate Sections (7.0), (10.0) and (18.0) of the Rules and Regulations of the York City Police Department" and, in addition, found that Dinges "will be unable to function and perform his duties as a police officer based on the testimony given by District Attorney Donald L. Reihart, as well as the statement made by Assistant City Solicitor Edward C. Roberts, that his [Dinges'] plea of false swearing in Dauphin County Court will make any testimony he offers as a witness ineffective in court."

Dinges appealed his discharge by City Council to the Court of Common Pleas of York County, which court heard the charges made against Dinges de novo and thereafter dismissed Dinges' appeal. This appeal followed, and we affirm the ruling of the trial court which in essence affirmed the action of the City Council of York in dismissing Dinges.

The Third Class City Code, Act of June 23, 1931, P.L. 932, Art. XLIV, §4408, *as amended,* 53 P.S. §39408, in part, provides:

"All employes subject to civil service shall be subject to suspension by the director of the department for misconduct, or violation of any law of this Commonwealth, any ordinance of the city, or regulation of the department, pending action by the city council upon the charges made against any of such employes. On hearing before the city council, where they may be represented by counsel, they may be fined or suspended for a period not exceeding thirty days with or without pay, or they may be discharged by city council, if found guilty of the charges made against them. The director of each such department may, for misconduct or violation as aforesaid, suspend any employe of such department for a period of ten days, with or without pay, without preferring charges and without a hearing of council; but no employe shall be suspended more than one time for the identical or same violation or act of misconduct. . . .

"Any civil service employe aggrieved by the action of the council in fining, suspending or discharging him shall have the right to appeal by petition to the court of common pleas within thirty days after the suspension or after receipt of written notice of such action by council which it shall be the duty of the council to give and the court shall hear the charges made against him de novo. The issue before the court shall be whether the action of the council shall be affirmed or be modified in any respect or whether the charges should be dismissed or whether the suspension made by the director shall be affirmed or recinded."

Dinges does not make the assertion on this appeal that he did nothing wrong or that the record does not support findings that he violated the Rules and Regu-

lations of the City of York Police Department or that his conduct in improperly accepting gratuities from tow truck operators was not full justification for the action of City Council in discharging him. Rather, Dinges contends procedural defects caused his dismissal to be invalid and, therefore, he should be restored to his position of patrolman with back pay.

As to the scope of our review in an appeal of this nature, we "look beyond jurisdiction of the court below and regularity of the proceedings to determine, by examining the testimony, whether the findings are supported by evidence or whether the court was guilty of an abuse of discretion in such connection or an error of law." *Bell Appeal*, 396 Pa. 592, 610-11, 152 A. 2d 731, 740 (1959); *Vandergrift Borough v. Polito*, 397 Pa. 538, 539-40, 156 A. 2d 99, 100 (1959).

Our examination of the testimony presented at the de novo hearing before the trial court convinces us that the findings that Dinges did in fact violate Sections (7.0), (10.0), and (18.0) of the Rules and Regulations of the City of York Police Department are supported by the evidence and that the trial court was not guilty of either an error of law or an abuse of discretion.

We have carefully considered every contention advanced by Dinges and find them all to be without merit. We will briefly discuss them.

Dinges contends that since he had been reprimanded on September 10, 1974, the City Council could not discharge him thereafter because that would be a second punishment for the same acts of misconduct. Dinges cites no authority for this contention and apparently confuses this civil proceeding relative to a job dismissal with a criminal proceeding involving the question of double jeopardy. A similar assertion was rejected by this Court in *Kramer v. City of Bethlehem*, 5 Pa. Commonwealth Ct. 139, 289 A. 2d 767 (1972).

Dinges argues that he did not have sufficient notice of the nature of the charges, including dates and specific acts of misconduct, to allow him a due-process opportunity to defend against alleged violations of the Rules and Regulations of the York Police Department. This is the first instance that such an argument is advanced, since Dinges did not raise the question before either City Council or the trial court. Further, we do not conclude that Dinges was unfairly informed of the charges with which he would be faced at the City Council hearing, when consideration is given to the contents of both the reprimand letter of September 12, 1974 and the notice-of-charges letter of September 23, 1974.

Although Dinges would have us pass upon the validity of his suspension on February 12, 1974, we refrain from doing so on this appeal since we consider that to do so would be merely obiter dictum.

Dinges' most strenuous contention is that it was improper for City Council to have considered evidence of Dinges' future ineffectiveness as a witness in a court proceeding because of his plea of nolo contendere to false swearing. Since Dinges was not charged with being ineffective, we would agree that this was inappropriate testimony and would not be a basis for his dismissal. However, it does not follow that Dinges' dismissal must be set aside on this ground, since it was only an additional reason advanced by City Council for its action which was premised on a direct finding that "Willard C. Dinges did in fact violate Sections (7.0), (10.0) and (18.0) of the Rules and Regulations of the York City Police Department."

Finally, Dinges contends that a certified copy of the official records of the Court of Common Pleas of Dauphin County relative to Dinges' plea of nolo contendere to false swearing was not admissible in these proceedings without the appearance of the clerk of courts to identify the record and testify that it is a true and correct copy.

Although we do not agree with this assertion, we do recognize that a plea of nolo contendere is only an implied confession of guilt and may not be used against a defendant as an admission in any civil action. *Commonwealth ex rel. Warner v. Warner,* 156 Pa. Superior Ct. 465, 40 A. 2d 886 (1945). This error was not fatal here where there is direct uncontradicted evidence of Dinges' admission of accepting gratuities from tow truck operators and of having lied in connection with the resulting investigations conducted by the City of York and the Pennsylvania Crime Commission, which evidence is sufficient to support the findings made by City Council.

We conclude where we began with the observation that Dinges does not dispute here that his conduct was full justification for the action of City Council in discharging him. When we couple this fact with contentions that are legally without merit, we are left with only one decision.

Order affirmed.