Frederick J. McAllister, Appellant *v.* Civil Service Commission of the City of Philadelphia, Appellee.

Argued November 16, 1981, before Judges WIL-LIAMS, JR., MACPHAIL and PALLADINO, sitting as a panel of three.

*Bruce K. Cohen, Meredith & Cohen, P.C.,* for appellant.

*Jill A. Douthitt,* with her *Alan J. Davis,* City Solicitor, and *Judith N. Dean,* Deputy City Solicitor, for appellee.

OPINION BY JUDGE MACPHAIL, January 7, 1982:

Frederick J. McAllister appeals a Philadelphia County Common Pleas Court order affirming his dismissal by the Civil Service Commission (Commission)

from the Philadelphia Police Department (Department). We reverse and remand.

McAllister was dismissed by the Department on May 28, 1967, for accepting money to investigate a complaint and to issue arrest warrants.[1] On appeal, the Commission ordered McAllister's reinstatement because of insufficient evidence and, subsequently, the Department petitioned for rehearing. Additional testimony was presented on August 13, 20 and October 6, 1970.[2] On January 8, 1971, the Commission, reversing its earlier decision, sustained the dismissal. On appeal, Common Pleas Court Judge NED HIRSH remanded, without instruction, for further hearings.[3]

Prior to these rehearings, the physical evidence and testimony transcripts were lost. Although full transcripts were reconstructed, the handwriting specimens were never recovered. At the Commission rehearings, over McAllister's objection, the complaining witness' testimony from the previous hearing was admitted into evidence when she could not be located to testify. Also, the graphologist's prior testimony was admitted over counsel's objection that the Commissioners could not examine the actual writing specimens.[4] The Commission, on June 27, 1975, reinsti-

---

[1] McAllister was acquitted on August 2, 1968, on all related criminal charges.

[2] The complaining witness, who had failed to appear at the earlier hearing, testified. The Department also called a Police Laboratory Division handwriting expert to examine previously unavailable handwriting specimens, which he identified as McAllister's.

[3] The June 10, 1971 order reads as follows:

It is hereby ordered that this case is remanded to the Civil Service Commission for the purpose of affording the appellant a hearing in accordance with the law.

[4] The Department's graphologist reviewed the transcript and testified that he had given such testimony at the prior hearings.

tuted dismissal. The Common Pleas Court, per Judge GELFAND, affirmed.[5]

In reviewing a Civil Service Commission decision, we must affirm unless we find that the adjudication is violative of constitutional rights, is not in accordance with the law or with the provisions of Local Agency Law, or that any necessary factual finding is not supported by substantial evidence. *Fabio v. Civil Service Commission of Philadelphia,* 30 Pa. Commonwealth Ct. 203, 373 A.2d 751 (1977).

McAllister claims that Judge HIRSH mandated a new hearing and that, since the Commission merely relied on the previous hearings' reconstructed transcript, he was deprived of a *new* hearing. On the second appeal to Common Pleas Court Judge GELFAND carefully examined the reconstructed record and concluded that it was not "so defective as to preclude an intelligent understanding of the testimony."[6] Having inferred that the record was "full and complete" as contemplated by the Local Agency Law,[7] Judge GELFAND, holding that the Commission had not committed legal error and that McAllister had not been deprived of constitutional rights, affirmed the dismissal.

When the Local Agency Law addresses the disposition of an appeal "[i]n the event a full and com-

[5] McAllister claims that, between the Commission rehearing and the appeal, the record was again lost, although the transcripts were once more reconstructed. Neither the Commission's brief nor the lower court opinion verifies this allegation.

[6] *McAllister v. Civil Service Commission of the City of Philadelphia,* Phila. C.P. Pa. (June Term, 1975, No. 6114, filed August 27, 1979), slip op. at 4.

[7] Section 8(b) of the Local Agency Law, Act of December 2, 1968, P.L. 1133, *formerly* 53 P.S. §11308(b), repealed by Section 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [1429]. A similar section is found at 2 Pa. C. S. §754(b).

plete record before the local agency was made,''[8] by legal and logical implication, it means a full and complete record *compiled before the agency in accordance with the law.* Although it is difficult to speculate on the rationale prompting Judge HIRSH's remand, it is clear. from the Order's wording that the hearings preceding the January 8, 1971 dismissal were in some manner legally defective and that the remand was meant to cure the unstated defect. Since it is impossible to determine precisely what procedural or substantive errors were committed by the Commission at the August 13, 20 and October 6, 1970 hearings, it is equally difficult to determine whether or not the subsequent hearings based on the reconstructed transcripts cured the errors.

We acknowledge that Judge HIRSH should have detailed the remand's rationale so that specific flaws could have been pinpointed and remedied. McAllister, however, should not suffer on this account. Further McAllister should not be deprived of a full and fair hearing because of the mysterious disappearance of the record. It is manifestly unfair in this particular case for the Commission to rely simply on the record of a prior hearing which, by strong implication, was determined to be legally deficient.

Guided as we are by the principles of fundamental fairness, we reverse and remand to Common Pleas Court for a hearing de novo.

ORDER

The Philadelphia County Common Pleas Court order, dated August 27, 1979, is reversed and remanded for disposition in accordance with this Opinion.

Judge PALLADINO dissents.

---

[8] *Id.*

This decision was reached prior to the expiration of the term of office of Judge PALLADINO.