Lehman *v.* Hazleton et al., Appellants.

Argued March 7, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*John H. Bigelow,* with him *John E. Cotsack,* for appellants.

*George I. Puhak,* for appellee.

Opinion by Stadtfeld, J., April 21, 1939:

Elmer Lehman instituted an action against defendants by petition for a writ of alternative mandamus to compel the City of Hazleton, by its proper officers, to draw, countersign and approve a warrant for the payment of salary alleged to be due him as a fire driver in the fire department of the said city.

By agreement, the case was referred to the court below sitting without a jury, upon a stipulation of facts substantially as follows: In January, 1924, the plaintiff, Elmer Lehman, without having taken a civil service examination, was appointed fire driver in the City of Hazleton's fire department, which, it is agreed, is a volunteer fire department. He served in this capacity continuously from the date of appointment until January 5, 1938, when he was notified of his dismissal by action of the City Council declaring the position vacant. Lehman was discharged without a hearing and without charges being preferred against him; another appointee replaced him. Thereafter, Lehman, continued to report for duty each day despite the notification of discharge. On the regular semi-monthly payday, January 16, 1938, he did not receive his usual semi-monthly wages of $65. for the period of January 1, 1938 to January 15, 1938; his demand for the wages a few days later was refused.

It was further agreed among counsel that the sole question arising in this case was whether or not under the agreed facts, the City Council had the power to remove the plaintiff summarily as a fire driver in the de-

partment. Upon hearing, the court directed judgment to be entered in favor of the plaintiff in the sum of $65 with interest, and ordered defendants to prepare, countersign and approve the necessary voucher. Upon consideration of exceptions to the adjudication filed by defendants, APONICK, J., acting for the court en banc, adopted the original opinion of the court, entering judgment in favor of the plaintiff. This appeal followed.

Appellants contend (1) that the appellee, having been appointed to his position as fire driver in the fire department of the City of Hazleton by the City Council, but having failed to take a civil service examination as required by the Act of May 3, 1917, P. L. 138 was removable at the pleasure of City Council, as the appointing power; and (2) in the alternative, that, if appellee was not required to take the civil service examination under the provisions of the said Act, he was unprotected by any statutory enactment and hence removable at the pleasure of the City Council, as the appointing power.

We shall consider appellant's contentions in the order of their presentation. The facts as agreed upon by the parties indicate that appellee was appointed in January, 1924, by the City Council of Hazleton, a city of the third class, at the semi-monthly wage of $65; that appellee did not take a civil service examination; and, that the City of Hazleton had, at the time of appellee's appointment, and presently has a volunteer fire department. The Act of May 3, 1917, P. L. 138, Section 1, provides, "That, from and after the passage of this act, no person or persons may be appointed to any salaried position whatever in the fire department, *except volunteer departments,* in any city of the third class in this Commonwealth, without first having passed all the examinations hereinafter provided for, and having been appointed in the manner and according to the terms, provisions and conditions of this act." (Italics supplied).

A plain reading of this Act indicates a clear distinction made by the legislature between paid fire departments and volunteer fire departments in cities of the third class. By this statute a prohibition was placed upon such appointments of any person or persons "to any salaried position whatever in the fire department" as fail to comply with the terms prescribed therein, including the requirement of passing the examinations provided for. Falling within the exception to this statutory prohibition are the appointments to any salaried position in a volunteer fire department, if such be made. It is amply clear from the agreed facts relative to the nature of the City of Hazleton's fire department that the appointment of the appellee in the instant case came within the expressed exception to the prohibition imposed by the Act, rather than within the prohibition itself. And this is true, though he was appointed to a salaried position. For the appointment to this salaried position was nonetheless to the volunteer fire department of the city. It follows that the provisions of the Act of 1917 did not apply to the appointment of the appellee by the City Council to a salaried position in the volunteer fire department, and Section 7 so states, reading in part as follows: "This act shall apply in all cities of the third class, but only to regular salaried employes of the fire department in said city, and not to any volunteer fire department in said city." Appellee, therefore, was not disqualified for failure to take the civil service examinations.

Section 7 of this Act also makes it clear, on the other hand, that appellee, as a member of the volunteer fire department, is not entitled to the protection of the provisions of the statute setting forth the manner and conditions of discharge. It is upon this ground that appellants claim for the City Council, as the appointing power, the right to remove appellee at pleasure. This contention is seemingly well founded in the absence of

any statutory enactment providing protection against such removal.

The Act of May 3, 1917, supra, was in full force and effect at the time of appellee's appointment in January, 1924. The Act of June 23, 1931, P. L. 932, cited as the "Third Class City Law," by Section 4701, expressly repealed the Act of 1917 absolutely, but codified the pre-existing law pertaining to civil service under Article XLIV, embodying Section 1 of the Act of 1917, in Section 4401, as follows: *"No person or persons may be appointed to any position whatever in the police department, or in the engineering or electrical department, or in the position of building inspector, or to any salaried position whatever in the fire department (except volunteer departments), or health officers other than registered physicians, or as sanitary policemen or inspectors of the health department, without having first passed all the examinations hereinafter provided for, and having been appointed in the manner and according to the terms and provisions and conditions of this article."* (Italics supplied).

Section 4407 of the same article provides, inter alia, as follows: "The provisions of this article shall apply to all employees of said cities as described in section one of this article (that is, Section 4401 of the Act above quoted). All appointments made subject to the provisions of this article shall be made for and during good behavior, and no employee shall be removed or transferred for any political reasons whatever. . . . . . .

"All persons holding appointments in said several departments . . . . . . of said cities, at the time this act goes into effect, shall retain their positions without being required to pass an examination, and be removed only in accordance with the provisions of this article . . . . . ."

At the time when the Act of 1931 went into effect, appellee was holding his position in the fire department

of Hazleton under appointment. Since, as we have indicated above, he was not required to take civil service examinations under the Act of 1917, it appears that under the Act of 1931, Article XLIV, Section 4407, he is entitled to retain his position "without being required to pass examination," and may "be removed only in accordance with the provisions of this article."

If, however, there be any doubt as to the protection afforded the appellee, under the Act of 1931, from removal in January, 1938, at the pleasure of the City Council of Hazleton, as the appointing power, it is completely dispelled by the subsequent Act of May 31, 1933, P. L. 1108. The latter Act of Assembly provides in Section 1 as follows: "That on and after the first day of July, one thousand nine hundred and thirty-three, appointments to, and promotions in, all paid fire departments . . . . . . of cities of the second and third class shall be made according to qualifications and fitness, to be ascertained by examinations, which, so far as practicable, shall be competitive, as hereinbefore provided. On and after said date, no person shall be appointed, promoted, demoted or *discharged as a paid member of any fire department* (except the chief and deputy chiefs) regardless of rank or position in *any* fire department . . . . . . in any city of the second or third class, in any manner or by any means other than those prescribed in this act." (Italics supplied).

The second portion of the above section clearly provides for the discharge of paid members of *any* fire department, and hence includes a paid member of a volunteer department as well as a member of a paid fire department. The protection from discharge by removal at pleasure is afforded to each, cause for, and manner of discharge being prescribed by the Act itself.

It may be noted here that subsequent to, and in pursuance of the Acts of Assembly above referred to (Act of June 23, 1931, supra, and Act of May 31, 1933, supra),

416

the City of Hazleton, although operating a volunteer fire department, passed an ordinance providing for the discharge of "all paid firemen." This ordinance, set forth in appellee's brief, was not offered into evidence, nor included in the stipulation of facts by counsel and hence forms no part of the record; neither does it influence our conclusion in the instant case. Nevertheless, we quote a portion of that ordinance as indicating an adoption by the City of Hazleton of our construction of the Acts of Assembly involved, and an application in accordance with our own conclusion.

After providing for the creation of a civil service board with powers conferred upon it by the Act of May 31, 1933, the ordinance provides as follows: "Sec. 12—That all paid firemen, fire-alarm operators and fire box inspectors in the employ of the City of Hazleton upon the date of the adoption of this ordinance shall continue to hold their positions without further examination and shall be removable, demotable or suspendable only in accordance with the provisions of the Act approved the 31st day of May, A. D. 1933 (P. L. 1108) and the amendments and supplements thereto." In view of the fact that the City of Hazleton has a volunteer fire department, yet by ordinance provides for the discharge of "all paid firemen" in accordance with the Act of Assembly, it appears that recognition has been taken of appellee's right of protection from removal at the pleasure of the City Council.

We are agreed that the conclusion arrived at by the court below is correct.

Judgment affirmed.