## Loftus, Appellant, *v.* Carbondale.

Argued September 25, 1961. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and ALPERN, JJ.

*George I. Puhak,* with him *Maurice V. Cummings,* for appellant.

*Joseph T. McGraw,* for City of Carbondale, appellee.

OPINION BY MR. JUSTICE COHEN, November 14, 1961:

On November 18, 1958, William J. Loftus, a paid employee of the Fire Bureau of the City of Carbondale, Pennsylvania, a third class city, engaged in an altercation with the mayor of the city and was promptly suspended by the mayor for a period of ten days. Since the mayor was not the head of the department having jurisdiction over the fire bureau, Loftus, upon direction of the director of the fire bureau, continued to report for duty during the period of suspension, and, on November 30, 1958, demanded his full semi-monthly pay of $130.23. The city clerk refused, tendering payment only of $10.29. Loftus then filed the present suit in assumpsit against the city. Both the lower court and the Superior Court found in favor of the city; the former on the grounds both that the mayor had the power to suspend Loftus and that the court had no jurisdiction to review the suspension in an assumpsit action; the latter solely on the second ground. It appearing

that the question of the mayor's power was a novel one heretofore undecided by this Court, we granted an allocatur.

Loftus, as a paid fireman in a volunteer fire department, is entitled to the protection of the Firemen's Civil Service Act of May 31, 1933, P. L. 1108, 53 PS §§39861-39877. *Lehman v. Hazleton,* 135 Pa. Superior Ct. 410, 5 A. 2d 646 (1939). A disciplinary suspension is not one of the actions against which the Firemen's Act gives protection. In this respect it is unlike Section 4408 of the Third Class City Code, Acts of June 23, 1931, P. L. 932, and June 28, 1951, P. L. 662, 53 PS §39408, which expressly covers suspensions in departments, bureaus and positions subject to its civil service provisions.

However, Section 4402 (53 PS §39402) of the Code limits the applicability of Section 4408 to the police department, engineering department, electrical department and the positions of building inspector, health officer or sanitary policeman or inspector. It does not apply to the fire bureau. But even if Section 4408 of the Code were improperly held to apply to the fire bureau, it still would not be decisive in this case since only the department head has the power to suspend for a period of ten days, and the mayor is not the head of the department in which Loftus was employed.

Moreover, in addition to that section's inapplicability as an authority to suspend in the present situation, the section does not provide for an appeal from a ten day suspension. No legislative authority is granted to council in Section 4408 to hear an appeal from a ten day disciplinary suspension. A reading of this section discloses that council hears charges only when something other than a ten day disciplinary suspension is involved. Consequently, a proper appeal to the court of common pleas arises only from actions properly entertained by council in the first instance.

The lower court felt that the mayor as chief executive of the city could exercise the power of suspension over any department. This misconstrues the background and philosophy of third class city government. The mayor, while having some statutorily-granted powers in addition to those granted a councilman, is in reality another councilman in the matter of authority over the departments. Whatever additional powers the mayor might possess must flow from statute, and no provision of the Code empowers him to suspend an employee of a department under the jurisdiction of another councilman.

In addition to the procedures giving protection to civil service employees in the designated departments, the Code also has a broad provision in Section 4408 permitting a covered department's director to summarily suspend an employee for misconduct or violence for a period of ten days. The context in which this provision is written clearly indicates that it applies only to employees in departments covered by the civil service provisions of The Third Class City Code and is not to be interpolated into the provisions of the Firemen's Civil Service Act.

Since there are no specific provisions in the civil service sections of the Code covering suspensions or appeals from suspensions, we must now look to the general provisions of The Third Class City Code to see if the determinations of the lower court were proper. Section 901, 53 PS §35901, provides that "Council shall have the power of appointment and dismissal of all city officers and employees. . . ." Section 1102, 53 PS §36102, gives to council the power and obligation to prescribe the powers and duties of city departments, officers and employees. Section 1205, 53 PS §36205, gives to the mayor the power and obligation to supervise the conduct of all "city officers" and to cause violators to be punished or to report their violations and neglects of duty to "council for correction."

It is apparent from these provisions that whatever power of suspension might exist, the Mayor of Carbondale had no power to suspend appellant. This follows because no delegation of such power from council to the mayor has been shown here, and because whatever the power given to the mayor under Section 1205, supra, such power extends only to "city officers;" and under the time-honored distinction it is obvious that Loftus is not an officer but an employee. See *Finley v. McNair*, 317 Pa. 278, 176 Atl. 10 (1935).

Loftus, therefore, was the victim of an invalid suspension from which no statutory appeal could be taken. An action in assumpsit is a proper procedure to recover the pay to which he is entitled, *Kohn v. Philadelphia*, 156 Pa. Superior Ct. 112, 39 A. 2d 531 (1944); and accordingly, the court below had power to grant the relief sought. The record is remitted for the purpose of entering judgment in favor of the plaintiff.

Judgment reversed.