## Lancaster *v.* Eisenberger, Appellant.

Argued April 20, 1966. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

370

*Theodore A. Parker,* for appellant.

*Michael J. Perezous,* Assistant City Solicitor, for appellee.

OPINION BY MR. JUSTICE COHEN, May 24, 1966:

In this case, the Fire Chief of the City of Lancaster Bureau of Fire, suspended appellant for *cause.* Appellant subsequently appealed to the Civil Service Commission which (after numerous delays occasioned by allegations of conflict of interest and other delaying actions questioning the integrity of the Civil Service Commission) determined that the suspension should be made permanent due to the incompetency of appellant. It was the fire chief's conclusion from his observation and the reports of his officers and it was the commission's conclusion, after hearing, that appellant should not be in the department both for his own safety and the safety of the other firemen.

It took fourteen months to come to this conclusion as a result of the dilatory tactics of appellant. He now contends that the Bureau of Fire of the City of Lancaster did not have and does not have the power to *suspend* for any reason.

We clearly held in *McSorley v. Pennsylvania Turnpike Commission,* 390 Pa. 81, 134 A. 2d 201 (1957), that the power to remove an appointee for cause embraces the power to suspend for cause. Here, the lower

court cited further legal justification for the conclusion that appellant's rights were properly protected.

Order affirmed.

---

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

I would award the appellant suspension pay. The Majority accuses the appellant for "dilatory tactics" but it was within the province of Civil Service Commission to act with reasonable celerity, despite what the appellant might have done or failed to do. I believe it to be unjust to penalize any litigant for the delays of any adjudicating body.