## Hose v. Lowder

*James B. Leckerone*, for appellant.
*John W. Heller*, for appellee.

ATKINS, P. J., December 5, 1966.—Here, appellant is a paid fireman of the City of York. On January 6, 1966, he was suspended by the director of the department of public safety of the city for a period of 10 days. This department includes the fire department, of which appellant is a member. An appeal was taken to the civil service commission pursuant to section 10 of the Act of May 31, 1933, P. L. 1108, 53 PS §39870. The commission affirmed the action of the director. Appellant then appealed to this court.

Appellant does not set forth in his petition for appeal any reasons in support of it. This is not good practice, and had there been a motion to quash the appeal for this reason, we would have been inclined to grant it. To ascertain the respective positions of the parties, we are required to look to their briefs. It is a bit

difficult to do this, but as we understand appellant's argument, it is that: (1) the director has no power to suspend under section 10 of the Act of 1933, supra, and (2) that there was not sufficient cause for the suspension. He also argues that the suspension is governed by section 4408 of The Third Class City Code, Acts of June 23, 1931, P. L. 932 and June 28, 1951, P. L. 662, 53 PS §39408. This is not true, for section 4402 of the code limits that portion of the code to the police department, electrical department and the positions of building inspector, health officer or sanitary policeman or inspector. It does not include employes of the fire department: Loftus v. Carbondale, 405 Pa. 276.

The city argues that there is no right of appeal from the action of the director. It is our conclusion that this position is correct. In Loftus v. Carbondale, supra, the Supreme Court said: "A disciplinary suspension is not one of the actions against which the Firemen's Act [of May 31, 1933, P. L. 1108, 53 PS §§39861 to 39877] gives protection. In this respect it is unlike Section 4408 of The Third Class City Code, Acts of June 23, 1931, P. L. 932 and June 28, 1951, P. L. 662, 53 PS §39408, which expressly covers suspensions in departments, bureaus and positions subject to its civil service provisions". The distinction between these two statutes is that in the former, there is no right of appeal given in cases of suspension, while in the latter, there is such a right expressed. Lancaster v. Eisenberger, 421 Pa. 369, may appear to recognize a right to appeal from a suspension; however, the fact is that that was a case of removal and not a case of suspension, although the opinion does make reference to a suspension. Since the individual in that case was in fact removed from his office, there would be no question of his right to appeal.

Although appellant has raised the question of the validity of the suspension and of its merit, the fore-

going discussion demonstrates that this court has no power in this proceeding to pass upon either of these questions.

Accordingly, this order is entered:

ORDER

And now, to wit, December 5, 1966, it is ordered, adjudged and decreed that the appeal in this case be and is hereby dismissed, with an exception to appellant.