**Lawrence BOWER et al., Plaintiffs,**

v.

**John R. CODER, Mayor and City of Williamsport, Defendants.**

**Civ. A. No. 72-180.**

United States District Court, M. D. Pennsylvania.

July 6, 1972.

Sidney A. Simon, Williamsport, Pa., for plaintiffs.

Scott A. Williams, Williamsport, Pa., for defendants.

## OPINION

MUIR, District Judge.

Plaintiffs were members of the Fire Department of the City of Williamsport, Pennsylvania, who were involuntarily retired on pension by the mayor in April, 1972, in accordance with the provisions of the Act of 1933, P.L. 1108, Sec. 11, 53 P.S. Sec. 39871. Unlike plaintiffs, the Chief and two Deputy Chiefs of the Fire Department were not, and have not been, compulsorily retired. Plaintiffs assert that these three officials are equally eligible for compulsory retirement under the Act referred to above, and that the compulsory retirement of Plaintiffs, but not of these three, denies them the equal protection of the laws. They request injunctive relief under the Civil Rights Act, 42 U.S.C. Sec. 1983.

Defendants have moved to dismiss the complaint for failure to state a claim upon which relief can be granted. Defendants' motion will be granted because it is appropriate for this court to abstain from deciding Plaintiffs' claim. Their claim presents an unresolved, difficult issue of state law, the resolution of which may obviate any need to rule upon Plaintiffs' constitutional claim. Hence a "federal court should hold its hand, lest it render a constitutional decision unnecessarily." City of Meridian v. Southern Bell Tel. & Tel. Co., 358 U.S. 639, 641, 79 S.Ct. 455, 457, 3 L.Ed.2d 562 (1959); Askew v. Hargrave, 401 U. S. 476, 478, 91 S.Ct. 856, 28 L.Ed.2d 196 (1971); Reetz v. Bozanich, 397 U.S. 82,

90 S.Ct. 788, 25 L.Ed.2d 68 (1970); Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). This approach also avoids undue strain on our system of federalism. Lewis v. Kugler, 446 F.2d 1343, 1346 (3d Cir. 1971). Moreover, if the state courts resolve the issue adversely to Plaintiffs, there is no basis to believe that they will be insensitive to Plaintiffs' federal constitutional claim. University Day Care Center v. Temple University, 442 F.2d 1116, 1118 (3d Cir. 1971).

The unresolved issue of state law here arises from an ambiguity in the Firemen's Civil Service Act. One section of that Act provides:

". . . appointments to, and promotions in, all paid fire departments or as fire alarm operators and fire box inspectors in the bureaus of electricity of cities of the second and the third class shall be made according to qualifications and fitness, to be ascertained by examinations, which, so far as practicable, shall be competitive, as hereinafter provided . . . no person shall be reinstated, appointed, promoted, demoted or discharged as a paid member of any fire department (except the chief and deputy chiefs), regardless of rank or position, in any fire department or as a fire alarm operator or fire box inspector in the bureau of electricity, in any city of the second or third class, in any manner or by any means other than those prescribed in this act. 1933, May 31, P. L. 1108, § 1." 53 P.S. Sec. 39861.

Williamsport is a city of the third class.

The other relevant section of the Act provides in pertinent part:

"If for reasons of economy, or other reasons, it shall be deemed necessary by any city to reduce the number of paid members of any fire department, or the number of fire alarm operators or fire box inspectors in the bureau of electricity, then such city shall follow the following procedure:

"First. If there are any paid firemen, fire alarm operators or fire box inspectors eligible for retirement under the terms of any pension fund, then such reduction in numbers shall be made by retirement on pension of all the oldest in age and service. 1933, May 31, P.L. 1108, § 11." 53 P.S. Sec. 39871. * * *

53 P.S. Sec. 39861 provides in essence that except for chiefs and deputy chiefs, firemen may not be "reinstated, appointed, promoted, demoted or discharged" in any manner other than in accordance with the Act. Being mandatorily retired on pension, as provided for in 53 P.S. Sec. 39871, is not mentioned in Sec. 39861. There is no generally applicable category of "changes in status" in Sec. 39861. A disciplinary suspension, for instance, "is not one of the actions against which the Firemen's Act gives protection." Loftus v. Carbondale, 405 Pa. 276, 278, 175 A.2d 85, 86 (1961).

The considerations which led the state legislature to protect the rank and file but not the chiefs before reinstatement, appointment, promotion, demotion or discharge occur, may or may not compel an exception for chiefs from the provision of Sec. 39871 that all of the firemen who are oldest in age and service be retired on pension if a reduction in force is required. Mandatory retirement is an economic measure; appointment, promotion, etc., are not. It is conceivable that when motivated by a desire to economize, the city must treat all members of a fire department equally, regardless of rank. Plaintiffs apparently recognize this possibility and the existence of this issue since they contend in their brief in opposition to the motion to dismiss that "(b)y passing over the equally qualified chiefs and assistants in its retirement procedure, the Defendant has not followed the procedure required in this statute." (Plaintiffs' Response to Defendants' brief at p. 3) The parties have not cited, and I have not found, any state court decision on this issue, nor one even intimating a view of its proper determination.

If the state courts were to agree with Plaintiffs that chiefs and deputy chiefs are not excluded from the purview of Sec. 39871, then the alleged actions of the mayor would be in violation of that section, and Plaintiffs presumably would be entitled to a writ of mandamus from the state courts pursuant to the provisions of Sec. 1 of the Act of June 8, 1893, P.L. 345, as amended, 12 P.S. Sec. 1911. There would then be no need to reach the constitutional issue. Hence abstention is appropriate here, and Plaintiffs' complaint will be dismissed.

An Order in accordance with this Opinion will be entered.