### Appeal of Petrilla

*James A. Schneider*, for appellant.

*James S. Palermo*, contra.

HOURIGAN, J., June 24, 1974.—This case is before the court on an appeal by a police officer from suspension. The facts are briefly as follows:

On Saturday, March 23, 1974, appellant reported that he was ill and could not work. At about 12:30 to 1 p.m. that day, appellant was observed by a superior at his place of business at the Laurel Mall, at which time he would have been on duty if he had not reported off sick.

Appellant reported to work the next day and worked a full shift. On Monday, March 25, 1974, when he reported to work, he was informed that he was placed on ten days suspension by the mayor for abuse of sick leave. On the following day, March 26, 1974, the mayor sent him a letter notifying him that charges had been preferred against him before council for his conduct, alleging that he falsely called in sick on Saturday, March 23, 1974, and further stating that he had previously been warned about improper absences. The letter further notifed appellant that a hearing would be held on Wednesday, April 3, 1974.

After the hearing, the council, by resolution, suspended appellant from service "without pay for thirty (30) days allowing credit of the ten (10) days for the prior suspension of the department head."

Appellant herein has appealed both the suspension of the mayor and the suspension of the council.

The civil service provision of The Third Class City Code of June 23, 1931, P. L. 932, art. XLIV, sec. 4408, as amended, 53 PS §39408, provides as follows:

"All employes subject to civil service shall be subject to the suspension by the director of the department for misconduct, or violation of any law of this Commonwealth, any ordinance of the city, or regulation of the department, pending action by the city council upon the charges made against any of such employes. On hearing before the city council, where they may be represented by counsel, they may be fined or suspended for a period not exceeding thirty days with or without pay, or they may be discharged by city council, if found guilty of the charges made against them. The director of each such department may, for misconduct or violation as aforesaid, suspend any employe of such department for a period of ten days, with or without pay, without preferring charges and without a hearing of council; but no employe shall be suspended more than one time for the identical or same violation or act of misconduct.

"Any civil service employe aggrieved by the action of the council in fining, suspending or discharging him shall have the right to appeal by petition to the court of common pleas within thirty days after the suspension or after receipt of written notice of such action by council which it shall be the duty of the council to give and the court shall hear the charges made against him de novo. The issue before the court shall be whether the action of the council shall be affirmed or be modified in any respect or whether the charges should be dismissed or whether the suspension made by the director shall be affirmed or rescinded."

It is undisputed that appellant is a member of the Police Department of the City of Hazleton, and that the mayor, as the Director of the Department of Public Affairs, has supervision of the police department.

Further, the record is clear that appellant has been suspended on two separate occasions; once by the department head, and the other occasion by city council, both suspensions arising from the fact that on March 23, 1974, he had reported off from work sick.

The plain meaning of the language used by the legislature in the Civil Service Act "identical or same violation or act of misconduct," clearly shows that there is a statutory prohibition against double penalties or proceedings involving the identical or same violation: Occhibone Appeal, 53 D. & C. 2d 633 (1971). Since the police officer was suspended for the same act of misconduct, i.e., alleged abuse of sick leave on March 23, 1974, the second suspension by the city council is invalid and the action of council in suspending said police officer is void.

Appellant also seeks to reverse the mayor's ten-day suspension. The above-quoted provision of The Third Class City Code permits the head of the department to suspend, for misconduct, any employe of his department for a period of ten days without preferring charges:

"Section 4408 as set forth above sets forth in the second paragraph thereof the Rights of Appeal which an aggrieved employee has from the action of Council in fining, suspending or discharging him. This Appeal Right is the Right to Appeal by Petition to the Court of Common Pleas within thirty (30) days after the suspension or after receipt of written notice of such action by Council. There is no mention in the statute of any Right of Appeal to an employee from the action of a department head who suspends the employee for a ten (10) day period or less."

The court further stated:

"There is no legislative authority in The Third Class City Code giving the Court of Common Pleas the right to hear an Appeal from the suspension of ten

(10) days or less, when such suspension is made by the head of a department": Hartung v. City of Jeannette et al., 53 Westmoreland 55, 59, 60 (1971).

If appellant wishes to appeal an invalid ten-day disciplinary suspension, an action in assumpsit is proper procedure: Loftus v. Carbondale, 405 Pa. 276 (1961).

Accordingly, we enter the following

## ORDER

Now June 24, 1974, at 10:30 a.m., it is ordered and decreed:

1. The appeal from the ten-day suspension imposed by the Mayor of the City of Hazleton is denied.

2. The appeal from the suspension imposed by the city council is sustained.

3. That petitioner, Charles G. Petrilla, be paid for the 20 days of the suspension imposed by council which was to be added to the ten days imposed by the mayor.