## Gingrich v. City of Lebanon

*John A. Walter,* of *Egli, Walter, Reilly & Wolfson,* for plaintiff.

*Samuel G. Weiss, Jr.,* for defendants.

GATES, P. J., July 8, 1974.—Hiester R. Gingrich is employed as a civil service police officer for the City of Lebanon. Effective November 27, 1973, Gingrich was notified that he was suspended for a period of ten days without pay for misconduct arising out of an incident which occurred on November 4, 1973.

On April 2, 1974, Gingrich filed a complaint in assumpsit for damages for the amount of pay he lost during the period of suspension, claiming that the suspension imposed violated the Local Agency Law of December 2, 1968, P. L. 1133, sec. 1, et seq., 53 PS §11301, et seq.

Defendants filed preliminary objections in the nature of a demurrer. Defendants contend that plaintiff's complaint fails to set forth a claim in that the facts alleged in the complaint do not show that either defendant is a "local agency" and, thereby, subject to the Act of December 2, 1968 known as the Local Agency Law.

The mayor of a third class city is the departmental head of the police: Zimmerman v. City of Lebanon, 320 Pa. 581 (1936); Gingrich v. City of Lebanon, 9 Lebanon 335 (1963). Prior to the new judiciary article of the Constitution of Pennsylvania, adopted in 1968, effective January 1, 1969, it was the law in this Commonwealth that the authority of the head of the police department to issue a 10-day disciplinary suspension was plenary and there was no statutory authority for appeal therefrom: Loftus v. Carbondale, 405 Pa. 276 (1961). However, section 9 of Article V, Pennsylvania Constitution, of the new Judiciary Article, implanted a new concept to Pennsylvania jurisprudence in recognition of the important position of administrative agencies in modern government as well as the quasi-judicial functions that many of them perform. Recognizing the fact that both property rights and personal rights can seriously be affected by their decisions, the obvious purpose of the section is to allow appeals in all cases where property and personal rights are affected by agency decisions.

The section of the Constitution was not self-executing and, in order to implement it, the legislature

adopted the Local Agency Law to become effective January 1, 1969: Act of December 2, 1968, P. L. 1133, sec. 1, et seq., 53 PS §11301, et seq.

Section 2 of the act defines a "local agency" as any department, department board or commission, independent administrative board or commission, office or other agency of a political subdivision now in existence or hereafter created, empowered to determine or affect private rights, privileges, immunities or obligations by adjudication. The police department of the City of Lebanon, therefore, is an agency of the City of Lebanon and is bound by the provisions of the Local Agency Law of 1969.

Under the provisions of the Local Agency Law no decision or determination by a local agency affecting personal or property rights shall be valid unless the person affected shall have been accorded reasonable notice of a hearing and an opportunity to be heard. Consequently, it is now the law in this Commonwealth that a police officer may not be suspended without pay unless there has been compliance with the procedures set forth in the Local Agency Law, which allows for judicial review of the agency's adjudication by appeal of the aggrieved party.

Accepting as we must in this posture the allegation that Gingrich was the victim of an invalid suspension from which no statutory appeal could be taken prior to the adoption of the Local Agency Law, an action in assumpsit would have been the proper procedure to recover the pay to which he is entitled: Kohn v. Philadelphia, 156 Pa. Superior Ct. 112 (1944); Loftus v. Carbondale, supra. However, the suspension without pay notice to Gingrich was an "adjudication" as defined in the Local Agency Law. Under that law, any person aggrieved by a final adjudication now has the right to appeal the adjudication to the court of

common pleas in which the local agency has jurisdiction: Section 7, Local Agency Law, 53 PS §11307. In view of the fact that the Local Agency Law does provide a means for an appeal from the agency's decision or determination to suspend Gingrich for ten days without pay, the action in assumpsit is not available to Gingrich. Cf. Hutnik v. Duquesne School District, 8 Comm. Ct. 387 (1973).

In that the appeal must be taken within 30 days (Section 7, supra), and no appeal, nor this complaint in assumpsit for that matter, was filed within that time, defendants' demurrer must be sustained.

### ORDER

And now, to wit, July 8, 1974, the demurrer to the complaint is sustained.