James A. Zimmerman *v.* City of Johnstown. James A. Zimmerman, Appellant.

Argued May 3, 1976, before President Judge Bow-
MAN and Judges CRUMLISH, JR., WILKINSON, JR.,
MENCER, ROGERS and BLATT. Judge KRAMER did not
participate.

*James R. DiFrancesco,* for appellant.

*Richard J. Green, Jr.,* for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, November 8, 1976:

This is an appeal from an order of the Cambria County Court of Common Pleas granting the City of Johnstown's (appellee) motion to quash an appeal from the suspension of appellant, an officer in the Johnstown Police Department.

On September 20, 1974, appellant was notified that he was suspended for a period of ten days without pay and/or benefits pursuant to Section 4408 of The Third Class City Code, Act of June 23, 1931, P.L. 932, *as amended,* 53 P.S. §39408. Appellant promptly requested a hearing which request was denied. He then filed an appeal in the court below alleging, *inter alia,* that he was entitled to a hearing pursuant to the Local Agency Law, Act of December 2, 1968, P.L. 1133, 53 P.S. §11301 et seq. The Court below granted the appellee's motion to quash. This appeal followed.

Section 4408 of The Third Class City Code provides, in pertinent part: "All employes subject to civil service shall be subject to suspension by the director of the department for misconduct, or violation of any law of this Commonwealth, any ordinance of the city, or regulation of the department, pending action by the city council upon the charges made against any of such employes. On hearing before the city council, where they may be represented by counsel, they may be fined or suspended for a period not exceeding thirty days with or without pay, or they may be discharged by city council, if found guilty of the charges made against them. *The director of each such department may, for misconduct or violation as aforesaid, suspend any employe of such department for a period of*

*ten days, with or without pay, without preferring charges and without a hearing of council. . . .''* (Emphasis added.) Until recently, it was established that there was no right of appeal from a ten day suspension under this provision and the only remedy for a wrongful suspension was an action in assumpsit for lost pay. *Loftus v. Carbondale,* 405 Pa. 276, 175 A.2d 85 (1961).[1] However, Article V, Section 9, of the Pennsylvania Constitution of 1968 provided, for the first time, an express constitutional right of appeal from an administrative agency to a court of record, the selection of such court to be as provided by law. To implement this provision the Legislature enacted the Local Agency Law (Act), effective January 1, 1969. Section 12 of the Act specifically repeals all other acts and parts of acts insofar as they are inconsistent therewith.

The issue presented here is whether the City's suspension of appellant constitutes an adjudication by a local agency within the meaning of the Act, thus entitling appellant to a hearing before such suspension can be valid. We hold that it does and therefore reverse.

Section 2 of the Act, 53 P.S. §11302(2), defines a "local agency" as "any department . . . office or other agency of a political subdivision. . . .'' The police department of the City of Johnstown is clearly within this definition.

The remaining question is whether the suspension constitutes an "adjudication" within the meaning of Section 2 of the Act, that is "any final order, decree,

---

[1] It is interesting to note that The Third Class City Code appears unique with respect to this provision. The Borough Code, The First Class Township Code, The Second Class Township Code, The Police Tenure Act, The First Class City Code and The Second Class City Code all provide some type of hearing with respect to a suspension, for any length of time, of a policeman.

decision . . . by a local agency affecting personal or property rights . . . of any or all of the parties to the proceeding. . . ." 53 P.S. §11302(1). Essentially the same question was presented in *Kretzler v. Ohio Township,* 14 Pa. Commonwealth Ct. 236, 322 A.2d 157 (1974), and we find that decision controlling.

In *Kretzler,* we held that where the appellant police officers had a statutorily afforded right to their present rank except for certain enumerated reasons, such right constituted a "property or personal right within the meaning of an adjudication. . . ." 14 Pa. Commonwealth Ct. at 241, 322 A.2d at 160. The appellants in that case were thus entitled to an administrative hearing under the Act before they could be demoted by the township, notwithstanding the absence of a provision for hearing in the Police Tenure Act, applicable to the particular township.

In the present case, Section 4408 of The Third Class City Code provides for suspension only for misconduct or violation of laws, ordinances or regulations. Appellant thus has a statutory right to continued active status, except for the enumerated reasons. As in *Kretzler,* we believe that this appellant is entitled to the protection afforded by the Act, "thus giving substance and meaning to the right the legislature saw fit to confer upon him. . . ." 14 Pa. Commonwealth Ct. at 241, 322 A.2d at 160. *See also Gingrich v. City of Lebanon,* 65 Pa. D. & C. 2d 704 (1974).

In reaching this result we recognize that additional burdens are being placed upon police departments in the routine enforcement of discipline of their police officers. We must, however, recognize the statutorily afforded right of police officers to be protected from arbitrary and groundless suspensions. In attempting to strike a reasonable balance, we emphasize that our holding is limited to providing the appellant the right to an administrative hearing and, if aggrieved by the

resulting adjudication, the right to appeal therefrom in accordance with the provisions of the Local Agency Law. We do *not* hold that an administrative hearing must *precede* the action of suspension. Rather, the suspension may be initially imposed and enforced, provided that a hearing, if sought, is afforded within a reasonable time thereafter.

### ORDER

Now, November 8, 1976, the order of the court below is hereby reversed and the case is remanded to it for further proceedings consistent with this opinion.

---

DISSENTING OPINION BY JUDGE BLATT:

I respectfully dissent. I believe that *Kretzler v. Ohio Township*, 14 Pa. Commonwealth Ct. 236, 322 A.2d 157 (1974), can be distinguished from the present case because the suspension ordered here was *not* an adjudication within the context of the Local Agency Law,[1] but was merely the exercise of a disciplinary action on the part of the supervising authority. Section 4408 of The Third Class City Code[2] (Code) provides for two distinct kinds of "suspension": one, for a period of ten days or under, which can be invoked by the supervising authority without requiring a statement of charges and without entitling the employee to a hearing, and the other, for a period not exceeding thirty days for which a statement of charges must be filed and a hearing must be held. While the Code provides a right to a hearing in the second case, a suspension of ten days or less is clearly authorized without a right to an appeal.

In *Kretzler, supra,* the section of the Police Tenure Act affording a right to a written notice of charges

---

[1] Act of December 2, 1968, P.L. 1133, *as amended*, 53 P.S. §11301 et seq.

[2] Act of June 23, 1931, P.L. 932, *as amended*, 53 P.S. §39408.

for enumerated offenses did not parallel the language of the section providing a right to a hearing. Although the section providing for hearings omitted reference to reduction in rank, we found that the other section which required notice of charges and which placed limitations on the reasons justifying reduction in rank sufficiently afforded police officers a statutory right to their present rank. Moreover, we found it illogical to afford judicial review only with respect to suspensions and dismissals and not with respect to reductions in rank.

In the present case, however, the Code does not provide the statutory protections with regard to ten-day suspensions which the Act in *Kretzler* provided with regard to reductions in rank. And, because there appears to be no personal or property rights to employment during the ten-day suspension here, this suspension was not an "adjudication" as defined by the Local Agency Law. I would, therefore, affirm the lower court's refusal to order a hearing.

---

DISSENTING OPINION BY JUDGE MENCER:

I respectfully dissent. I conclude that the suspension here does not constitute an adjudication within the meaning of Section 2 of the Act of December 2, 1968, P.L. 1133, 53 P.S. §11302, because appellant has only a conditional or limited property right to continued employment. The majority concludes that Section 4408 of The Third Class City Code, Act of June 23, 1931, P.L. 932, *as amended*, 53 P.S. §39408, provides appellant with a statutory property right to continued active employment status, except for the enumerated reasons set forth in Section 4408.

I do not believe that one may retain the benefits of an act while attacking one of its important conditions. Section 4408 of The Third Class City Code provides, in pertinent part:

"All employes subject to civil service shall be subject to suspension by the director of the department for misconduct, or violation of any law of this Commonwealth, any ordinance of the city, or regulation of the department, pending action by the city council upon the charges made against any of such employes. On hearing before the city council, where they may be represented by counsel, they may be fined or suspended for a period not exceeding thirty days with or without pay, or they may be discharged by city council, if found guilty of the charges made against them. *The director of each such department may, for misconduct or violation as aforesaid, suspend any employe of such department for a period of ten days, with or without pay, without preferring charges and without a hearing of council. . . .*" (Emphasis added.)

Property interests are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law. *Board of Regents v. Roth,* 408 U.S. 564 (1972). Here appellant did have, by Section 4408, a statutory expectancy that he not be suspended for a period of more than 10 days without a hearing before the city council. *However,* this very section, which is the sole basis of appellant's property interest, also provides that any employe may be suspended for a period of 10 days without a hearing.

The Legislature was obviously intent on according a measure of statutory job security to employes of third class cities which they had not previously enjoyed but was likewise intent on excluding such job security relative to suspensions for a period of 10 days or less.

Where the grant of a substantive right is inextricably intertwined with a specific limitation, one claiming the right must also accept and be subject to

the limitation. To conclude otherwise results in a holding that appellant was granted not merely that which the Legislature gave him in the first part of Section 4408 but also that which the Legislature had expressly withheld from him in the latter part of the same section. I cannot bring myself to join in such a holding.

The majority states that our decision in *Kretzler v. Ohio Township,* 14 Pa. Commonwealth Ct. 236, 322 A.2d 157 (1974), controls this case. I can readily distinguish *Kretzler* on two grounds: First, *Kretzler* dealt with a reduction of rank under a statutory provision[1] applicable to regular full-time police officers[2] in any police department of any township of the second class, or any borough or township of the first class, and, in my view, not comparable with the provisions of Section 4408 of The Third Class City Code; and second, the statutory provision applicable in *Kretzler did not* include a 10-day limitation relative to suspension as provided for in the statutory provision which applies in the present case. This limitation set forth in the very same section that grants appellant his property interest should be considered significant and controlling. The majority's reluctance to consider it so is the heart reason for my dissent.

I would hold that there is no right of appeal from a 10-day suspension under the provisions of Section 4408, and the only remedy for a wrongful suspension remains an action in assumpsit for lost pay. *See Loftus v. Carbondale,* 405 Pa. 276, 175 A.2d 85 (1961).

---

[1] Act of June 15, 1951, P.L. 586, §2, *as amended,* 53 P.S. §812.

[2] Policemen appointed for a probationary period of one year or less were expressly excepted from the statutory protection afforded regular full-time police officers. We had no occasion in *Kretzler v. Ohio Township, supra,* to consider the property interests, if any, afforded such probationary policemen.