## McMahon v. Warminster Township Police Department

*Martin J. King,* for appellant.
*Elliot M. Drexler,* for respondent.

KELTON, *J.,* February 15, 1978 — This case involves an appeal filed by Thomas J. McMahon, Jr. (McMahon), a police officer of Warminster Township, on November 9, 1977, following a letter of reprimand issued to him by appellee, the Acting Chief of Police of Warminster Township. McMahon averred that the letter, which charged him with a violation of the 1967 Warminster Township Police Department Duty Manual, article 1, sec. 1.09, "Using rude or insulting language or conduct offensive to the public," arising out of an alleged incident at Warminster Hospital was issued without prior notice or hearing. This action, he argues, constituted an infringement of his procedural due process rights under the Local Agency Law of December 2, 1968, P.L. 1133, sec 1, 53 P.S. § 11301 et seq., and in

the alternative, that the Warminster Township Police Department Manual is an unconstitutional delegation of authority under the First, Fifth and Fourteenth Amendments of the Constitution of the United States. On appellant's motion, we entered an order scheduling a hearing for December 20, 1977.

On December 12, 1977, appellee filed an answer, and also a motion for rule to show cause why the hearing should not be continued pending determination of whether appellant was entitled to a hearing. A conference with counsel was held on December 15, 1977, at which time we ordered that an attempt be made to stipulate whether or not appellant was afforded a hearing and whether he requested one following the issuance of the reprimand. A stipulation was entered into on December 23, 1977, and it then became a matter of record that appellant had had no hearing, and that he did not request one. Our order further directed that upon the entrance of such stipulation, the parties should submit memoranda of law directed to the issues of whether or not appellant was entitled to a hearing before the local agency on the issuance of the reprimand, and whether or not the reprimand issued by the appellees was an "adjudication" within the meaning of the Local Agency Law. We conclude that the appeal should be dismissed without prejudice to McMahon's rights to raise the issue as to the appropriateness of the reprimand in the event any future adjudication adverse to McMahon is based in whole or in part on this reprimand.

In examining whether appellant was entitled to a hearing, several issues must be resolved. Initially, it must be recognized that the Act of June 15, 1951, P.L. 586, 53 P.S. §811 et seq., in and of itself will not

afford appellant a right to a hearing. The statute on its face only grants hearings in cases of suspensions or removals: 53 P.S. §814. It has been extended in Kretzler v. Ohio Township, 14 Pa. Commonwealth Ct. 236, 322 A. 2d 157 (1974), to include reductions in rank as well, but that decision was based on narrow statutory grounds which are inapplicable here.

Appellant, therefore, must base his right to a hearing on the Local Agency Law of December 2, 1968, P.L. 1133, 53 P.S. §11301 et seq. In order to find that statute applicable, it must first be determined that appellee was in fact a "local agency." That act provides that: "'Local agency' means any department, departmental board, or commission, independent administrative board or commission, office or other agency of a political subdivision now in existence or hereafter created, empowered to determine or affect rights, privileges, immunities or obligations by adjudication." 53 P.S. §11302(2). This definition would appear to include the Warminster Police Department, since it is an agency of a political subdivision empowered to affect private rights. Furthermore, as appellant points out, Gingrich v. City of Lebanon, 65 D. & C. 2d 704 (1974), has held that a police department clearly does fall within the statute's purview. Therefore, we hold that the Warminster Police Department does qualify as a "local agency" under the Local Agency Law.

We must next face the issue as to whether the actions of the police department rose to the level of an "adjudication," as required by the statute. The Local Agency Law also provides that:

"'Adjudication' means any *final* order, decree,

determination or ruling by a local agency affecting personal or property rights, privileges, immunities or obligations of any or all of the parties to the proceeding in which the adjudication is made . . ." 53 P.S. §11302(1).

"No adjudication shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard." 53 P.S. §11304.

"Any person aggrieved by a *final* adjudication who has a direct interest in such adjudication shall have the right to appeal therefrom. Such appeal, unless otherwise provided by a statute authorizing a particular appeal, shall be taken within thirty days to the court of common pleas of any judicial district in which the local agency has jurisdiction." 53 P.S. §11307. (Emphasis supplied.)

To determine whether the letter of reprimand involved here can be characterized as a "final order, decree, determination or ruling," the issue then focuses on what effects the actions of the Warminster Township Police Chief had upon appellant. Obviously, as McMahon points out, his good reputation might be affected by the letter placed in his personnel file. However, the law requires something more than just damage to an individual's reputation. In the leading case, Kretzler, supra, at 240, the Commonwealth Court found that police officers who were *reduced in rank* were entitled to hearings, because the Police Tenure Act of June 15, 1951, P.L. 586, 53 P.S. §811 et seq., specifically granted them a statutory right to maintain their rank unless demotion proceedings were based solely on certain enumerated reasons which must have been given the officers in writing. In Zimmerman v. City of Johnstown, 27 Pa. Commonwealth Ct. 42, 365 A. 2d 696 (1976), the court again found the appel-

lant police officer to be entitled to a hearing on his *suspension,* this time finding a right grounded in the officer's statutory right through the Third Class City Code to be free from suspension except for certain enumerated reasons.

These cases clearly illustrate that in order to find a party to be entitled to a hearing under the Local Agency Law, the courts have required there to have been some right in issue specifically guaranteed by statute. Appellants have not provided us with any specific statutory authority in this case but instead apparently rely on McMahon's constitutional rights of free speech and due process to bring the Local Agency Law into effect. It is true that the courts strictly scrutinize the enforcement of these guarantees, but in this case we cannot say that appellant's constitutional rights have been infringed. McMahon as a police officer has a higher duty with regards to his personal conduct than does the ordinary citizen. Even his actions while out of uniform and off duty can properly be the subject of disciplinary action. As stated in Fabio v. Civil Service Comm. of Phila., 30 Pa. Commonwealth Ct. 203, 208, 373 A. 2d 751, 753-754 (1977).

" 'We demand from our law enforcement officers, and properly so, adherence to demanding standards which are higher than those applied to many other professions. It is a standard which demands more than a forbearance from overt and indictable illegal conduct. It demands that in both an officer's private and official lives he do nothing to bring dishonor upon his noble calling and in no way contribute to a weakening of the public confidence and trust of which he is a repository. [Cerceo v. Darby, 3 Pa. Commonwealth Ct. 174, 281 A. 2d 251 (1971)].' "

Appellant refers us to Gasparinetti v. Kerr, 568

F. 2d 311 (C.C.A. 3d 1977), which he maintains should cast doubt upon the constitutionality of the disciplinary rule here in question. We see little similarity between the Gasparinetti case and the facts before us, however, since that case dealt with free speech as it pertains to comment and criticism by an officer regarding the operation of his own department, whereas in the present case we deal with alleged rude or offensive language or conduct directed at a member of the public. In fact, in Gasparinetti, the court stated that "we can recognize a significant government interest in regulating some speech of police officers in order to promote efficiency, foster loyalty and obedience to superior officers, maintain morale, and instill public confidence in the law enforcement institution." Gasparinetti, supra, at 315-16. We hold that the conduct of Officer McMahon does fall within this proscribed area.

Based on the Kretzler and Zimmerman cases, we are unable to find any right guaranteed to appellant by statute or otherwise which would allow us to characterize the police chief's letter of reprimand as an adjudication under the Local Agency Law. Even assuming the letter could be deemed an adjudication, the record still shows that appellant made no request for a hearing, a fact which was present in both Kretzler and Zimmerman. We hold that appellant McMahon was not entitled to a hearing under the Local Agency Law or the Constitution of the United States. We wish to make clear, however, that this holding is without prejudice to any later legal proceedings which may come about as a result of further disciplinary actions based on this same factual situation and therefore enter the following

## ORDER

And now, February 15, 1978, the appeal of Thomas J. McMahon is dismissed without prejudice to his rights to question the appropriateness of his reprimand in the event any future adjudication adverse to him is based in whole or in part on said reprimand.