Chauncey Kraft, Appellant *v.* City of York, Appellee.

Argued March 5, 1979, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Harold N. Fitzkee*, with him *Gailey & Fitzkee*, for appellant.

*Donald B. Hoyt*, Assistant City Solicitor, for appellee.

OPINION BY JUDGE BLATT, May 25, 1979:

Chauncey Kraft (appellant) has appealed from an order of the Court of Common Pleas of York County, which affirmed his dismissal by the York City Council (Council) from his position as patrolman with the York City Bureau of Police. He argues (1) that he was denied due process because the scope of review of the common pleas court in this kind of case is so narrow that he was effectively denied appellate review in that court and (2) that the Council imposed double punishment when it voted to dismiss him after the director of public safety had already issued an order suspending him for 20 days.

The appellant was on patrol in a marked police car at approximately 2:45 A.M. on the day here concerned when he observed a car being operated in an erratic manner. He followed the car until it stopped in front of the home of its driver, Roderick Allen Feree, who lived with his parents. The appellant approached Feree and, detecting an odor of alcohol, requested him to perform several intoxication field tests. In the meanwhile, his backup officer, Rene Shue, for whom the appellant had made a routine call, arrived at the scene. As a result of the test the officers did not cite Feree for driving while intoxicated, but decided instead to cite him for driving on the wrong side of the street. While the appellant was preparing the citation, however, Feree walked away from the officers and towards his house. The officers called him back and he returned. He refused, however, to sign or accept the citation. What happened thereafter was the subject of conflicting testimony at the Council hearing. It is sufficient here to note that there was substantial, competent evidence to support the version adopted by the Council, which was that, upon Feree's refusal to sign or accept the citation, Officer Shue needlessly attempted to put the citation in Feree's shirt pocket, which resulted in Feree's hand accidentally brushing against the officer. The appellant and Officer Shue then grabbed Feree and threw him face down on the street, and while he was lying there, the appellant kicked him in the face. Feree was later treated and released at a local hospital. The Council found that the force used by the appellant was excessive and unwarranted under the circumstances and that he had failed to exhaust reasonable alternatives prior to the use of force. The Council also found that the appellant lied to his superiors concerning the kicking, admitting this behavior only after investigation had been initiated.

Although the public safety director had ordered a 20-day suspension for the appellant, the Council voted to dismiss him and, when he appealed to the court of common pleas, that court's limited scope of review required it reluctantly to uphold the Council's decision. This scope of review, on which we elaborated in *City of Bethlehem v. Gawlik*, 30 Pa. Commonwealth Ct. 390, 394, 374 A.2d 540, 542 (1977), can be stated succinctly as follows: "disciplinary action imposed by city council may not be disturbed by the reviewing court if council's action was based on substantial evidence." As to the appellant's challenge to this narrow scope of review, we think no extended discussion is necessary. We need only note that our Supreme Court has mandated this scope of review for appeals brought under Section 4408 of the Third Class City Code (Code),[1] *see Ditko Appeal*, 385 Pa. 435, 123 A.2d 718 (1956); and we, of course, are bound by the precedents of a higher court.[2]

The appellant also argues, however, that under Section 4408 of the Code, "no employee shall be suspended more than one time for the identical or same violation or act of misconduct," and that he was in effect punished twice when the Council voted to dismiss him after he had been suspended by the director of public safety. We do not agree. The statutory language quoted above must be read in conjunction with the clause which precedes it in Section 4408, and which allows a department director to suspend an employee for 10 days without preferring charges and holding a hearing. If the director suspends an employee for 10 days or less under this clause, neither

---

[1] Act of June 23, 1931, P.L. 932, *as amended*, 53 P.S. §39408.

[2] We note parenthetically that the scope of review in question here is analogous to that under the Administrative Agency Law, 2 Pa.C.S. §704.

he nor the Council can subsequently suspend the employee for the same misconduct.[3] Here, however, the appellant was suspended for *20 days,* and this automatically triggered a Council hearing to review the charges and the punishment. The resulting punishment imposed by the Council was not additional, for a suspension for any period over 10 days does not actually become effective until reviewed by the Council. The appellant's dismissal, therefore, was the first and only punishment he received for his misconduct.

The order of the court of common pleas is therefore affirmed.

ORDER

AND Now, this 25th day of May, 1979, the order of the Court of Common Pleas of York County in the above-captioned matter is hereby affirmed.

___

[3] *See Appeal of Petrilla,* 66 Pa. D. & C. 2d 134 (1974).