## Bogdanovic v. Swatara Township

*Barry J. Peffley*, for appellant.
*David A. Wion*, for appellee.

DOWLING, *J.*, April 28, 1982—Does the issuance of a letter of reprimand to a police officer entitle him to a hearing? Officers Bogdanovic and Vernouski of the Swatara Township Police Department were given letters of reprimand for alleged misconduct in two unrelated incidences. Their appeals to the court have been met with motions to quash.

It is contended on behalf of the petitioners that the action was unjust, unfair and arbitrary in that the violations of the department rules and regulations were not supported by competent evidence and they were not given a proper hearing* as required by applicable statutes and mandated by constitutional requirements of due process. Respondents take the position that no legal right to appeal exists, since the action was not an adjudication as required by applicable statutes.

The court held a hearing and received testimony limited to the question of the appealability of the issue and heard evidence as to the purpose and effect of letters of reprimand.

The appeals are filed pursuant to Subchapter B of Chapter 7, Section 752 of the Local Agency Law (2 Pa.C.S.A. §752) which reads as follows:

"§752 *Appeals*

Any person aggrieved by an adjudication of a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure)."

In addition, petitioners aver that the appeals were also filed pursuant to Subchapter C of Chapter 9, Section 933(a)(2) of the Judicial Code, (42 Pa.C.S.A. §933(a)(2)) which states:

"933. *Appeals from government agencies*

(a) *General Rule.* Except as otherwise prescribed by any general rule adopted pursuant to Section 503 (relating to assignment of the matters), each court of common pleas shall have jurisdiction of appeals from final orders of government agencies in the following cases:

• • •

(2) Appeals from government agencies, except Commonwealth agencies, under Subchapter B of Chapter 7 of Title 2 (relating to judicial review of local agency action) or otherwise."

Both of the above quoted statutes indicate that an appeal is proper only where the local agency has issued an adjudication or a final order.

The Local Agency Law defines an adjudication as:

"Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the

proceeding in which the adjudication is made." 2 Pa.C.S.A. §101.

The narrow question, thus, is whether or not a reprimand is an adjudication within the meaning of the Local Agency Law. Is there any affect on ones personal or property rights by receiving a letter of reprimand? It is clear that no direct action resulted, i.e. suspension, reduction in rank or discharge. At the hearing, Officer Bogdanovic testified that he understood such a letter to have an accumulative effect, i.e. another incident could result in a more extreme form of discipline, for example, suspension and that on promotion ones entire record was looked into. He did admit that he was not aware of any instance where promotion was denied because of such a letter.

Another officer, Robert Malley, who had been on the force for five years said that approximately two-and-one-half years ago he had received a letter of reprimand and then a year later he received a second letter along with a one-day suspension; although he could not say that the first letter played any part in the suspension.

The Chief of Police, Robert Walmer, testified that he had been a township police officer for over 28 years. He could recall a number of incidences where officers who had received letters of reprimand were subsequently promoted and said that such letters, in his opinion, played no part in the decision making process of promotion. He knew of no instance where a patrolman had been denied a promotion because of a letter of reprimand.

Nicholas Dinnini, a township Commissioner and member of the Police Committee said that he was personally involved in Officer Malley's suspension and that the previous letter of reprimand had not

even been brought to their attention and, thus, played no part whatsoever. He said he had also been involved in other disciplinary actions and could recall no case where the officer's record was even brought to the attention of the committee, and that all actions taken were solely on the merits of the particular case before them. It was also his opinion that such letters did not play a substantial part in the decision to promote or transfer.

A fair summary of the testimony would be that no evidence was presented to demonstrate that a letter of reprimand had any affect on subsequent disciplinary action; although there was evidence that it may have some affect on promotion.

Is this rather indefinite and speculative effect, such as could be considered affecting the personal or property rights within the definition of "Adjudication?" It has been held that no personal or property right adheres to promotion: Marvel v. Dalrymple, 38 Pa. Commonwealth Ct. 67, 393 A. 2d 494 (1978). In Marvel, a township police officer who had taken a promotional examination and suspected irregularities in the exam, requested information concerning it, including all the materials submitted by his superior officers. The Commonwealth Court, upholding the lower court's determination excepting from discovery by the officer rating sheets, evaluations by superior officers, and physicians' reports, stated: (p. 72)

"As the Commission has structured its argument, the materials sought by appellant cannot be a public record because he cannot assert a personal or property right or privilege in a promotion to the rank of sergeant.

Insofar as the major premises is concerned, this is a proper statement of the law. No right, as such,

adheres to promotion. McGrath v. Staisey, 433 Pa. 8, 249 A. 2d 280 (1968); Bobick v. Fitzgerald, 416 Pa. 588, 207 A. 2d 878 (1965); Eckert v. Buckley, 23 Pa. Commonwealth Ct. 82, 350 A. 2d 417 (1976)."

The disciplinary and promotional relationships involving First Class Townships and their police forces come within the statutory framework provided by the legislature [(First Class Township Code, Art. VI (d) Section 625-650; 53 P.S. Section 55625-55650)]. These sections make provisions for the examinations of police officers (Sec. 635), the manner of filling appointments (Sec. 638), the promotion of officers (Sec. 642), the suspension, removal or reduction in rank of officers (Sec. 644), and the hearings on suspensions, dismissals and removals of officers (Sec. 645). It should be noted that the legislature has determined that only in situations involving suspension, removals or reductions in ranks shall a hearing be afforded. Petitioners would have the court read into this statutory scheme the requirement for a hearing in regard to a letter of reprimand in a situation where the legislature clearly did not include such action as a basis for requiring a hearing.

A review of the provisions of the First Class Township Code concerning suspension, demotion, or dismissal of police officers clearly demonstrates that initially the Township Commissioners, or the Chief of Police when the Township Commissioners are not in session, may suspend any person without pay. (53 P.S. §55645). The Board of Commissioners then provides a written statement of the charges to the person against whom the action is being taken and also files that written statement with the Township Civil Service Commission. (53 P.S. §55644). The officer then suspended, removed or

reduced in rank has the right to demand a hearing on the matter before the Civil Service Commission at which time the Civil Service Commission takes testimony and makes a stenographic record of its hearing. (53 P.S. §55645). If the Civil Service Commission sustains the charges of the board of commissioners of the township then the officer has the right to appeal to the court of common pleas. It is important to note that in this whole procedure there is no requirement that the Board of Commissioners, in making its initial determination concerning whether or not an officer should be suspended, removed, or dismissed, even speak to the officer, let alone provide any type of hearing, in order to make its determination. The hearing, if requested by the officer, is held by the Civil Service Commission. The legislature did not deem it necessary to require the board of commissioners to hold a hearing in initially determining whether or not an officer should be suspended. It would follow, therefore, that the legislature did not intend to require the board of commissioners to hold a hearing when only a letter of reprimand was involved.

Research on this interesting matter has disclosed only one prior decision, a lower court case from Bucks County, McMahon v. Warminster Township Police Department 5 D. & C. 3d 148 (1978), which, however, is directly in point and which held that the written reprimand issued to the acting Chief of Police was not a final order or adjudication, as referred to in the Local Agency Law and that the denial of the hearing did not constitute an infringement of the officers' procedural due process rights. Judge Kelton, in his opinion, stated (p. 152, 153):

"To determine whether the letter of reprimand

involved here can be characterized as a "final order, decree, determination or ruling," the issue then focuses on what effects the actions of the Warminster Township Police Chief had upon appellant. Obviously, as McMahon points out, his good reputation might be affected by the letter placed in his personal file. However, the law requires something more than just damage to an individual's reputation. In the leading case, Kretzler, supra, at 240, the Commonwealth Court found that police officers who were reduced in rank were entitled to hearings, because the Police Tenure Act of June 15, 1951, P.L. 586, 53 P.S. §811 et seq., specifically granted them a statutory right to maintain their rank unless demotion proceedings were based solely on certain enumerated reasons which must have been given the officers in writing. In Zimmerman v. City of Johnstown, 27 Pa. Commonwealth Ct. 42, 365 A. 2d 696 (1976), the court again found appellant police officer to be entitled to a hearing on his suspension, this time finding a right grounded in the officer's statutory right through the Third Class City Code to be free from suspension except for certain enumerated reasons.

"These cases clearly illustrate that in order to find a party to be entitled to a hearing under the Local Agency Law, the courts have required there to have been some right in issue specifically guaranteed by statute. Appellants have not provided us with any specific statutory authority in this case but instead apparently rely on McMahon's constitutional rights of free speech and due process to bring the Local Agency Law into effect. It is true that the courts strictly scrutinize the enforcement of these guarantees, but in this case we cannot say that appellant's constitutional rights have been infringed. McMahon as a police officer has a higher

duty with regards to his personal conduct than does the ordinary citizen. Even his actions while out of uniform and off duty can properly be the subject of disciplinary action."

We are not so naive as to conclude that a letter of reprimand has no effect whatsoever. But we are concerned here with its impact within a statutory framework under the polestar of separation of powers.

The judiciary has no mandate to intrude into every nook and cranny of life. The philosophy which would involve the courts in any and all disputes, is inimical to a free society.

Accordingly, we enter the following

### ORDER

And now, April 28, 1982, respondent's motions to quash are granted.